## School District in Medfield *vs.* Boston, Hartford & Erie Railroad Company.

Under a declaration in contract, which alleges the receipt by the defendants, as common carriers, of goods for transportation to the plaintiff, and the injury of the goods, "through the fault of the defendants," while in their care and custody, and before delivery to the plaintiff, the plaintiff may recover for an injury of the goods through their actual negligence.

A special contract between the shipper of goods and a common carrier, for their carriage at the shipper's risk of injury during transportation, does not exempt the carrier from liability for an injury caused to the goods, during transportation, by his own negligence.

CONTRACT. The declaration contained two counts, each for the destruction of a cast iron furnace cone, and in form as follows : " And the plaintiffs say that the defendants are common carriers of merchandise over their railroad from Boston to Medfield ; that, by order of the plaintiffs, Gardner Chilson delivered to the defendants, as such common carriers, a certain cast iron cone (so called) for a furnace, the property of the plaintiffs, which the defendants received, as such common carriers, and agreed to deliver to the plaintiffs, at the depot of the defendants in Medfield, for a reasonable compensation ; that said cone was, when received by the defendants, whole, sound and in good condition ; that, while said cone was in the care and custody of the defendants, and before it was delivered to the plaintiffs, as aforesaid, and while the defendants were responsible therefor, said cone was broken and destroyed, through the fault of the defendants and their servants."

The defendants answered " that they admit that they received for transportation two furnace cones, as alleged, and that said cones were cracked or fractured ; but they say that said crack or fracture in said cones existed prior to their receipt by the said corporation ; and they deny that said cones were whole or in good condition when so received, or that while said cones were in their care or custody, or while the defendants were responsible therefor, said cones were broken, destroyed or injured ; and they deny that said cones were in any way injured or destroyed by the defendants or their agents, either with or without fault on their part. And the defendants further say that they used all reasonable and proper care and diligence in the charge, management and handling of the said cones while in their possession and under their control ; and that, even if they were broken or injured while so in their possession, still the defendants, while in the exercise of such reasonable care and diligence, were not liable for such injury, if any, because, by notice brought home to the plaintiffs, and to Gardner Chilson, from whom the defendants received the same, and which was assented to by them, and through the special contract created thereby, as well as by the low rate of freight paid for the carriage of said cones, the

same were taken as castings at the owners' risk of fracture or injury during the course of transportation, loading and unloading. And the defendants deny that they owe the plaintiffs the sum claimed in their writ and declaration, or any other sum or sums whatsoever."

Trial and verdict for the plaintiffs in the superior court, before *Wilkinson*, J., who allowed this bill of exceptions :

" This was an action against the defendants as common carriers. The declaration and answer may be referred to as a part of the bill of exceptions. In his address to the jury, the counsel for the plaintiffs commenced to argue on the question of actual negligence on the part of the defendants ; to which their counsel objected, on the ground that the declaration counted only on the liability as insurers, and not on negligence, and requested the judge to sustain his objection. The judge declined so to do ; and afterwards charged the jury on the point of negligence, stating that for this the road would be liable, even if the jury found the special contract to have been made, and directed them to find specially on this issue of actual negligence. The jury, through their foreman, stated that they found the defendants were guilty of negligence. To this ruling and charge of the court the defendants excepted."

*H. F. Smith*, for the defendants.

*W. Colburn*, for the plaintiffs.

GRAY, J. The declaration is in contract against the defendants as common carriers. It alleges that the defendants, as common carriers, received the plaintiffs' castings, and agreed to deliver them to the plaintiffs at the place of destination, for a reasonable compensation ; and that the castings, while in the care and custody of the defendants, and while they were responsible therefor, were broken and destroyed through the fault of the defendants and their servants. It thus in substance and effect alleges that the defendants as common carriers received the plaintiffs' property and agreed to transport it for hire to its destination, and that it was injured and destroyed through their negligence. The form of the declaration is not to be commended ; but it was not demurred to in the court below, and

cannot therefore be objected to in this court. The answer admits that the defendants received the castings for transportation as alleged in the declaration, that is to say, as common carriers; and denies that the castings were broken or destroyed while in their care and custody, or while they were responsible therefor, either by the fault of themselves or their agents, or otherwise. The defendants at the trial objected to the case being argued to the jury on the issue of actual negligence on their part, upon the very ground that the declaration counted only on their liability as insurers, which is as much as to say, as common carriers. And their bill of exceptions states that it was an action against them as common carriers. It is not therefore open to them now to deny that the declaration sufficiently charges them as common carriers for the injury of the plaintiffs' goods. *Alden* v. *Pearson*, 3 Gray, 342. *Batchelder* v. *Batchelder*, 2 Allen, 105.

A common carrier is liable, in contract as well as in tort, for goods received to be carried by him, and injured either by the negligence of himself or his servants, or by any other cause, except the act of God or public enemies. In a declaration in contract against a common carrier, it is common, though not necessary, to allege that the goods were injured by the negligence of himself and his servants. *Dale* v. *Hall*, 1 Wils. 281. *Richards* v. *London, Brighton & Southcoast Railway Co.* 7 C. B. 839. 2 Chit. Pl. (6th Am. ed.) 117. And under such a declaration actual negligence may be given in evidence. In *Forward* v. *Pittard*, 1 T. R. 33, Lord Mansfield summed up the law on this subject thus : " It appears from all the cases for a hundred years back, that there are events for which the carrier is liable independent of his contract. By the nature of his contract, he is liable for all due care and diligence ; and for any negligence he is suable on his contract. But there is a further degree of responsibility by the custom of the realm, that is, by the common law; a carrier is in the nature of an insurer." And in *Trent & Mersey Navigation* v. *Wood*, 4 Doug. 291, Mr. Justice Buller said : " Negligence in point of fact should in general be proved, but negligence in point of law is sufficient if the facts proved show what the law calls negligence." See also *Smith* v

*Horne*, 8 Taunt. 144 ; *S. C.* 2 Moore, 18. By the allegations in the declaration and the denials in the answer, negligence was put in issue ; and if proof of actual negligence was not necessary to support the action, its admission affords the defendants no ground of exception.

The answer further alleges that the defendants used all reasonable and proper care and diligence in the charge, management and handling of the castings while in their possession and under their control ; and that, even if they were broken or injured while so in their possession, still the defendants, while in the exercise of such reasonable care and diligence, were not liable for such injury, if any, because, by special contract between the parties, the same were taken at the owners' risk of fracture or injury during the course of transportation, loading or unloading. But the special contract here set up is not alleged, and could not by law be permitted, to exempt the defendants from liability for injuries by their own negligence. *New Jersey Steam Navigation Co.* v. *Merchants' Bank*, 6 How. 344, 383. *Squire* v. *New York Central Railroad Co.* 98 Mass. 239, and cases there cited. *Pennsylvania Railroad Co.* v. *Butler*, 57 Penn. State, 335. *Welsh* v. *Pittsburgh, Fort Wayne & Chicago Railroad Co.* 10 Ohio State, 65. In *Wyld* v. *Pickford*, 8 M. & W. 458, Baron Parke, speaking of a special contract, said : " Probably the effect of such a contract would be only to exclude certain losses, leaving the carrier liable as upon the custom of England for the remainder." See also *Clark* v. *Barnwell*, 12 How. 272, 280. It might perhaps be necessary, under the English practice, when a special contract is pleaded, that the plaintiff should file a replication alleging negligence. See *Butt* v. *Great Western Railway Co.* 11 C. B. 140. But under our practice act, no replication having been ordered by the court, the plaintiffs might, without further pleading, disprove the defendants' allegation that they exercised reasonable and proper care and diligence. Gen. Sts. *c.* 129, § 23. If that allegation was disproved, the defence founded on the special contract was not sustained. Evidence of actual negligence was therefore competent and material on this issue.

The defendants must be confined to the objections made at the trial and stated in the bill of exceptions. No question was raised of the burden of proof; nor of variance between the contract alleged in the declaration and that set up in the answer. The only exceptions taken were to the refusal of the judge to sustain the objection that actual negligence was no ground for charging the defendants under a declaration counting on their liability as insurers; and to the instruction that, even if the jury found the special contract to have been made, the defendants would be still liable for negligence.

In the opinion of the majority of the court, and for the reasons already stated, both of these rulings were correct, and there is therefore no ground upon which the defendants' exceptions can be sustained.            *Exceptions overruled.*