RAILWAY COMPANY *v.* STEVENS.

A., who was the owner of a patented car-coupling, for the adoption and use of which by a railway company he was negotiating, went, at the request and expense of the company, to a point on its road to see one of its officers in relation to the matter. A free pass was furnished by the company to carry him in its cars. During the passage, the car in which he was riding was thrown from the track, by reason of the defective condition of the rails, and he was injured. *Held,* 1. That the pass was given for a consideration, and that he was a passenger for hire. 2. That, being such, his acceptance of the pass did not estop him from showing that he was not subject to the terms and conditions printed on the back of the pass, exempting the company from liability for any injury he might receive by the negligence of the agents of the company, or otherwise.

ERROR to the Circuit Court of the United States for the District of Maine.

This was an action on the case for negligence, brought against the Grand Trunk Railway of Canada, to recover damages for injuries received by Stevens whilst a passenger in its cars. The plaintiff, being owner of a patented car-coupling, was negotiating with the defendant, at Portland, Me., for its adoption and use by the latter, and was requested by the defendant to go to Montreal to see the superintendent of its car department in relation to the matter, the defendant offering to pay his expenses. The plaintiff consented to do this; and, in pursuance of the arrangement, he was furnished with a pass to carry him in the defendant's cars. This pass was in the usual form

of free passes, thus, " Pass Mr. Stevens from Portland to Montreal," and signed by the proper officer. On its back was the following printed indorsement : —

"The person accepting this free ticket, in consideration thereof, assumes all risk of all accidents, and expressly agrees that the company shall not be liable, under any circumstances, whether of negligence by their agents or otherwise, for any injury to the person, or for any loss or injury to the property, of the passenger using the ticket. If presented by any other person than the individual named therein, the conductor will take up this ticket and collect fare."

The plaintiff testified that he put the pass into his pocket without looking at it; and the jury found specially that he did not read the indorsement previous to the accident, and did not know what was indorsed upon it. He had been a railroad conductor, however, and had seen many free passes, some with a statement on the back, others without.

During the passage from Portland to Montreal, the car in which the plaintiff was riding ran off the track and was precipitated down an embankment, and he was much injured. The direct cause of the accident, according to the proof, was that, at the place where it occurred, and for some considerable distance in each direction, the bolts had been broken off the fishplates which hold the ends of the rails together, so that many of these plates had fallen off on each side, leaving the rails without lateral support. The consequence was that the track spread, and the cars ran off, as before stated. There was also evidence that at this place the track was made of old rails patched up.

The above facts appeared on the plaintiff's case, and the defendant offered no evidence, but requested the court to instruct the jury as follows : —

*First,* That if the plaintiff, at the time of sustaining the injury, was travelling under and by virtue of the pass produced in evidence in the case, he was travelling upon the conditions annexed to it.

*Second,* That if the plaintiff, at the time of sustaining the injury, was travelling under and by virtue of the pass produced in evidence in the case, the defendant is not liable.

*Third,* That if the plaintiff, at the time of sustaining the

injury, was travelling as a free passenger, the defendant is not liable

*Fourth*, That if the plaintiff, at the time of sustaining the injury, was travelling as a gratuitous passenger, without any consideration to the defendant for his transportation, the defendant is not liable.

The court refused these instructions, as inapplicable to the evidence produced, and instructed the jury as follows, viz.: —

That if the jury find that, in May, 1873, the plaintiff was interested in a car-coupling, which had been used on the cars of the defendant since December previous, and that the officers of the company were desirous that the plaintiff should meet them at Montreal to arrange about the use of such couplings on their cars by defendant, and they agreed with him to pay his expenses if he would come to Montreal, and he agreed so to do, and took passage on defendant's cars, and was, by the reckless misconduct and negligence of the defendant, and without negligence on his part, injured whilst thus a passenger in defendant's car, the defendant is not exonerated from liability to plaintiff for his damages occasioned by such negligence, by reason of the indorsement upon the pass produced in evidence.

There was a verdict and judgment for the plaintiff. The defendant then sued out this writ of error.

*Mr. John Rand* for the plaintiff in error.

The plaintiff below was travelling gratuitously under a free pass, and subject to its conditions. The company was, therefore, not liable. *Wells* v. *New York Central Railroad Co.*, 24 N. Y. 181; *Perkins* v. *Same*, id. 196; *Bissell* v. *Same*, 25 id. 442; *Poucher* v. *Same*, 49 id. 263; *Cragin* v. *Same*, 51 id. 64. He cannot be permitted to deny that he knew and accepted those conditions. *Steen* v. *Steamship Company*, 57 N. Y. 1; *Monitor Company* v. *Buffum*, 115 Mass. 345.

*Mr. C. P. Mattocks*, contra.

A pass, purporting on its face to be a free pass, may, nevertheless, be given for a consideration, and the holder be a passenger for hire. That such was the fact in this case is conclusively shown by the evidence, and the company is liable. *Kinney* v. *Central Railroad Co.*, 34 N. J. L. 513; s. c. 3 Am. Rep. 265; *Philadelphia & Reading Railroad Co.* v. *Derby*, 14 How. 486;

*Wilton* v. *Middlesex Railroad Co.*, 107 Mass. 108; *Jacobus* v. *St. Paul & Chicago Railway Co.*, 20 Minn. 125; *Rose* v. *Des Moines Valley Railroad Co.*, 39 Iowa, 346; *Cleveland, Painesville, & Ashtabula Railroad Co.* v. *Curran*, 19 Ohio St. 1; s. c. 2 Am. Rep. 362. *Bissell* v. *New York Central Railroad Co.*, 25 N. Y. 442, and *Poucher* v. *Same*, 49 id. 263, can have no weight in this court since *Railroad Company* v. *Lockwood*, 17 Wall. 357.

Even admitting that the words printed on the back of the pass furnished to the plaintiff could, if assented to by him, have limited the company's liability, there is no evidence whatever that he had knowledge of them. There was, therefore, no assent upon his part to the terms of the alleged special contract or notice. *New Jersey Steam Navigation Co.* v. *Merchants' Bank*, 6 How. 344; *The Philadelphia & Reading Railroad Co.* v. *Derby*, 14 id. 468; *The Steamboat New World* v. *King et al.*, 16 id. 469; *York Company* v. *Central Railroad*, 3 Wall. 107; *Walker* v. *The Transportation Company*, id. 150; *Express Company* v. *Kountze Brothers*, 8 id. 342; *Railroad Company* v. *Lockwood*, *supra*.

MR. JUSTICE BRADLEY delivered the opinion of the court.

It is evident that the court below regarded this case as one of carriage for hire, and not as one of gratuitous carriage, and that no sufficient evidence to go to the jury was adduced to show the contrary; and, hence, that under the ruling of this court in *Railroad Company* v. *Lockwood*, 17 Wall. 357, it was a case in which the defendant, as a common carrier of passengers, could not lawfully stipulate for exemption from liability for the negligence of its servants. In taking this view, we think the court was correct. The transportation of the plaintiff in the defendant's cars, though not paid for by him in money, was not a matter of charity nor of gratuity in any sense. It was by virtue of an agreement, in which the mutual interest of the parties was consulted. It was part of the consideration for which the plaintiff consented to take the journey to Montreal. His expenses in making that journey were to be paid by the defendant, and of these the expense of his transportation was a part. The giving him a free pass did not alter

the nature of the transaction. The pass was a mere ticket, or voucher, to be shown to the conductors of the train, as evidence of his right to be transported therein. It was not evidence of any contract by which the plaintiff was to assume all the risk; and it would not have been valid if it had been. In this respect it was a stronger case than that of Lockwood's. There the pass was what is called a "drover's pass," and an agreement was actually signed, declaring that the acceptance of the pass was to be considered as a waiver of all claims for damages or injury received on the train. The court rightly refused, therefore, in the present case, to charge that the plaintiff was travelling upon the conditions indorsed on the pass, or that, if he travelled on that pass, the defendant was free from liability. And the court was equally right in refusing to charge, that, if the plaintiff was a free or gratuitous passenger, the defendant was not liable. The evidence did not sustain any such hypothesis. It was uncontradicted, so far as it referred to the arrangement by virtue of which the journey was undertaken.

The charge actually given by the court was also free from material error. It stated the law as favorably for the defendant as the latter had a right to ask. If subject to any criticism, it is in that part in which the court supposed that the jury might find that the plaintiff was injured by the reckless misconduct and negligence of the defendant. If this degree of fault had been necessary to sustain the action, there might have been some difficulty in deducing it from the evidence. However, the condition of the track where the accident took place, without any explanation of its cause, was perhaps sufficient even for such an inference. If the defendant could have shown that the injury to the rails was the result of an accident occurring so shortly before the passage of the train as not to give an opportunity of ascertaining its existence, it did not do so, but chose to rest upon the evidence of the plaintiff. In fact, however, negligence was all that the plaintiff was bound to show; and of this there was abundant evidence to go to the jury. On the whole, therefore, we think that the charge presents no sufficient ground for setting aside the verdict. The charge, if not formally accurate, was not such as to prejudice the defendant.

It is strongly urged however, that the plaintiff, by accepting

the free pass indorsed as it was, was estopped from showing that he was not to take his passage upon the terms therein expressed; or, at least, that his acceptance of the pass should be regarded as competent, if not conclusive, evidence that such a pass was in the contemplation of the parties when the arrangement for his going to Montreal was made. But we have already shown that the carrying of the plaintiff from Portland to Montreal was not a mere gratuity. To call it such would be repugnant to the essential character of the whole transaction. There was a consideration for it, both good and valuable. It necessarily follows, therefore, that it was a carrying for hire. Being such, it was not competent for the defendant, as a common carrier, to stipulate for the immunity expressed on the back of the pass. This is a sufficient answer to the argument propounded. The defendant being, by the very nature of the transaction, a common carrier for hire, cannot set up, as against the plaintiff, who was a passenger for hire, any such estoppel or agreement as that which is insisted on.

Since, therefore, from our view of the case, it is not necessary to determine what would have been the rights of the parties if the plaintiff had been a free or gratuitous passenger, we rest our decision upon *Railroad Company* v. *Lockwood, supra.* We have no doubt of the correctness of the conclusion reached in that case. We do not mean to imply, however, that we should have come to a different conclusion, had the plaintiff been a free passenger instead of a passenger for hire. We are aware that respectable tribunals have asserted the right to stipulate for exemption in such a case; and it is often asked, with apparent confidence, " May not men make their own contracts, or, in other words, may not a man do what he will with his own ? " · The question, at first sight, seems a simple one. But there is a question lying behind that: " Can a man call that absolutely his own, which he holds as a great public trust, by the public grant, and for the public use as well as his own profit ? " The business of the common carrier, in this country at least, is emphatically a branch of the public service; and the conditions on which that public service shall be performed by private enterprise are not yet entirely settled. We deem it the safest plan not to anticipate questions until they fairly arise and become necessary for our decision.            *Judgment affirmed.·*