We have recently held in Mynard v. The Syracuse, Binghamton New York R.R. Co. (71 N.Y. 180; 27 Am. Rep. 28), that a shipping contract, made by a common carrier for the carriage of live stock, whereby the shipper, in consideration of a reduced rate for the carriage, agreed "to release and discharge the carrier from all claims, demands, and liabilities of every kind whatsoever, for, or on account of, or connected with any damage or injury to, or the loss of said stock or any portion thereof, from whatsoever causes arising," did not operate to exempt the carrier from liability for loss occasioned by its own negligence.
The words "from whatsoever cause arising," were as broad and comprehensive as possible. The court, however, refused to construe them as covering a loss arising from the negligence of the carrier, not, as I understand the decision, because the words, in their ordinary signification and interpretation, did not include a loss of this character, but because it is a part of the rule, which in this State allows a common carrier to contract against his liability for negligence, that the contract must, in terms and expressly, exempt the carrier from liability on this account.
The practice of common carriers making special acceptances, exempting them from their ordinary responsibility, though contrary to the policy of the common law, liable to abuse, and productive of inconvenience, has obtained too long to be now questioned. In this State it has been extended so as to authorize *Page 373 
a special acceptance, exempting them from liability for their own negligence. But a contract exempting a bailee for hire from the obligation of care on his part, in respect to the goods in his custody, is, to say the least, unreasonable, and, while the law does not go to the extent of making it void on that ground, yet the qualification that to have that effect it must be plainly and distinctly expressed, so that it cannot be misunderstood by the shipper, is so obviously just, in view of the methods of business, and the want of knowledge of the force and construction of contracts, on the part of the great mass of persons dealing with the transportation lines of the country, that it ought not to be relaxed.
This case is an illustration. The plaintiff desiring to ship trees from New York to Geneva, applied to the defendant in New York, to have them carried, and a printed paper which occupies nearly two printed pages of the appeal book, is presented to him by the carrier as the shipping contract, containing a large number of special exemptions, and among others for "damage occasioned by delays from any cause, or change of weather." The plaintiff signs the paper, and the trees are, as we must assume upon the case, lost by the negligent delay on the part of the defendant and its servants in transporting them, and the defense is that the contract included an exemption from loss by the carrier's negligence. It may be admitted that a careful reading of the contract would apprise a person skilled in the interpretation of contracts, that loss by negligent delay was included. Some of the exemptions in the paper relate to extraordinary liabilities imposed upon carriers by the common law, not connected with fault on their part. But in case of loss by delay in the transportation, the carrier is not an insurer, and is by the common law liable only when the delay was negligent, and the argument is that the shipper must be presumed to have understood this, and therefore to have known when he signed the contract, that it was intended to cover a loss arising from negligent delay in transporting the property. This is theoretically true. But we think it may be safely assumed that in the great majority of cases it is practically *Page 374 
untrue, and shippers would not generally understand that the contract absolved the carrier from responsibility for the consequences of its own negligence. The circumstances under which contracts of this kind are usually made, preclude a careful consideration by the shipper of their language and effect, and it is not too much to require that the carrier who usually prepares the contracts in advance, and exacts the consent of the shipper as a condition of taking his property, shall, in explicit language, if he seeks to rid himself of the obligation of care, and free himself from responsibility for his own negligence, express this intention in his contract, and that it shall not be left to inference, argument or construction, from general language.
There is an almost unbroken line of judicial expression, to the effect that general words will not operate to exempt a carrier from liability for his own negligence. In New Jersey SteamNavigation Co. v. Merchants' Bank (6 How. U.S. 344), NELSON, J., referring to the contract in that case, said: "The language is general and broad, and might very well comprehend every description of risk incident to the shipment. But we think it would be going farther than the intent of the parties, upon any fair and reasonable construction of the agreement, were we to regard it as stipulating for willful misconduct, gross negligence, or want of ordinary care." In Alexander v. Greene
(7 Hill, 533), where the carrier claimed exemption from liability for negligence, under a stipulation to tow plaintiff's boat, "at the risk" of the master and owners, it is said: "To maintain a proposition so extravagant as this would appear to be, the stipulations of the parties ought to be most clear and explicit, showing that they comprehended in their arrangement the case that actually occurred." In Wells v. Steam Navigation Co. (8 N.Y. 375), Judge GARDNER says: "We held then, if a party vested with a temporary control of another's property, for a special purpose of this sort, would shield himself from a responsibility, on account of the gross neglect of himself or his servants he must show his immunity on the face of his agreement, and that a stipulation so extraordinary, so contrary to general usage *Page 375 
and the understanding of men of business, would not be implied from a general expression, to which effect might otherwise be given." JOHNSON, J., in Magnin v. Dinsmore, (56 N.Y. 168), says: "But the contract will not be deemed to except losses occasioned by the carrier's negligence, unless that be expressly stipulated." And in the case of Mynard, which contains the latest expression of this court upon the subject, it is said: "The carrier should not be released from the consequences of his own wrongful acts, under general words or by implication." In some of the cases cited, reference is made to the circumstance that the contract of exemption then before the court might have effect, without applying it to the case of negligence, but, this is referred to as ground for excluding the inference of an intention that that subject was in the minds of the parties to the contract. But the cases do not, we think, rest upon that circumstance, but as we have said before, upon the broader and more practical and satisfactory ground, that where the carrier claims to have been exempted by a special acceptance from liability for his negligence, or the negligence of his servants, he must in the language of GARDNER, J., "show his immunity on the face of his agreement."
We think the nonsuit was improperly granted at the Circuit, and that the judgment should be reversed and a new trial granted.
DANFORTH, FINCH and TRACY, JJ., concur; RAPALLO, MILLER and EARL, JJ., dissent.
Judgment reversed.