GEORGE ROBERTSON *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    March 16, 1892. — June 22, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Railroad Company — Contract to haul Cars — Liability.*

A railroad company agreed to haul certain cars of the proprietors of a circus according to a certain schedule of time, and for a price less than the regular rates for such service, the proprietors agreeing at their own expense to load and unload the cars, to save the defendant harmless from all claims for damages to persons and property, however accruing, and to "assume all risk of accident from any cause." An accident occurred by one of the cars running off the track by reason of its trucks not being in proper condition, and an employee of the proprietors who was riding in one of the cars was injured. *Held*, in an action for the injuries by the employee against the company, that he could not recover, as the defendant had no control over the condition of the cars and no power to interfere with them, as the contract was simply to haul the cars as they were, which contract the defendant had a right to make, and as it was under no obligation to draw the cars as a common carrier.

TORT, for personal injuries occasioned to the plaintiff, an employee of the proprietors of a circus, while riding in a car

belonging to the proprietors, drawn by the defendant company over its road under a written agreement.

Trial in the Superior Court, before *Bishop*, J., who directed a verdict for the defendant, and reported the case for the determination of this court. If the ruling was right, judgment was to be entered for the defendant; otherwise, the case was to stand for trial. The facts appear in the opinion.

*E. Greenhood*, for the plaintiff.

*J. H. Benton, Jr.*, for the defendant.

LATHROP, J. Unless the defendant was under a common law or statutory obligation to carry the plaintiff in the manner he was carried at the time of the accident, it did not stand towards him in the relation of a common carrier, and the plaintiff cannot recover. The only right which the plaintiff had to be on the train was by virtue of a contract which the defendant had made with the proprietors of a circus, whose servant the plaintiff was. By the terms of this contract, the defendant agreed to haul certain cars belonging to the circus proprietors, according to a schedule of time fixed by the agreement, by which the work was to be done at eighteen different times, and nearly all of it at night. The price to be paid was a gross sum, stated in the agreement to be less than the regular rates of the defendant for such service. The proprietors agreed, at their own expense, and under their own supervision, and without responsibility on the part of the defendant, to load and unload the cars; " to exonerate and save harmless " the defendant " from any and all claims for damages to persons and property during the transportation aforesaid, however occurring "; and to "assume all risk of accident from any cause."

The plaintiff's evidence tended to show that the injury occurred by one of the cars running off the track, by reason of its trucks not being in proper condition, and contended that that fact was evidence that proper inspection of the trucks by the defendant would have revealed their condition ; and that the defendant was bound to make such inspection.

We need not consider whether the offer of proof was sufficient, if it was the duty of the defendant to inspect the cars, for we are of opinion that it was not its duty to inspect the cars. The defendant had no control over the condition of the cars,

and no power to interfere with them. The contract was simply
to haul the cars as they were. This contract the defendant had
the right to make, as it was under no obligation to draw the
cars as a common carrier. *Coup* v. *Wabash, St. Louis, & Pacific
Railway,* 56 Mich. 111.

The ruling of the judge below was right; and, according to
the terms of the report, there must be judgment on the verdict
for the defendant.                                *So ordered.*