this one by the fact that the provisions there under attack as unduly suspending the ownership of property vested the title thereof in trustees under the terms of a trust which necessarily forbade the final and absolute vesting of the title for an illegal period. No vesting of the title within the period fixed by law could occur without violating the terms of the trust, and, the property being held in its entirety upon a trust, no life estate could be annulled, as we have held it was proper to do in the case at bar.

A few words may be said with reference to the form of the decree made by the Surrogate. His very concise opinion indicates very clearly his view that the title to the various lots of stock vested in the remaindermen upon the death of the testator, subject to a postponement only of the enjoyment. The decree, as pointed out by the appellants, at one point or another employs language which might indicate the view that the vesting of the title and ownership in the remaindermen did not take place until the expiration of the second life estate. We think, however, that the entire decree, considered together in the light of the opinion, may be regarded as holding the views adopted in this opinion. Said decree further provides that as to the half of the stock in which life estates are provided for the wife and daughter, and the third one in favor of the son-in-law cut out, the use and enjoyment only of the stock shall vest in the remaindermen upon the death of the daughter. It is unnecessary to consider whether, instead of this, it should not have been provided that the half portion of the stock itself which constitutes the basis of these life estates should pass to the remaindermen at the time mentioned. The respondents have not found any fault with this provision, and it does not in any way diminish or injure the rights of the appellants. We think the decree should be affirmed, with costs.

Decree of Surrogate's Court affirmed, with costs. All concur.

---

### DOW v. SYRACUSE, L. & B. RY.

(Supreme Court, Appellate Division, Fourth Department. March 10, 1903.)

1. RAILROADS—PASS—LIMITATION OF LIABILITY—CONSIDERATION.

   Where, by agreement between a railroad company and a landowner, the railroad agreed, in consideration of a grant of right of way, to give the landowner transportation for life, on the sole condition that her right to transportation should be forfeited if tickets were presented by any one save herself, and the tickets given the landowner bore a provision exempting the railroad from liability for injuries, such condition was not binding on the landowner in an action by her for injuries owing to the road's negligence, since it was without consideration, and her acceptance of the tickets did not indicate an intention on her part to assent to the terms thereof.

2. SAME—CONSTRUCTION OF LIMITATION—SUFFICIENCY.

   Where tickets issued by a railroad company bear a condition providing that the company shall be released "from all claims for damages for personal injuries from whatever cause," the language is not sufficiently plain and unequivocal to release the railroad from liability for injuries resulting to a passenger from its negligence.

Appeal from Trial Term, Onondaga county.

Action by Adelaide Dow against the Syracuse, Lakeside & Baldwinsville Railway. From an order granting a motion for a new trial, defendant appeals. Affirmed.

The defendant is a duly incorporated street surface railroad company, and in July, 1899, the plaintiff, with others, conveyed to it a right of way over a strip of land situate in the town of Van Buren, in the county of Onondaga, in consideration of which conveyance the defendant covenanted and agreed, among other things, to provide the plaintiff with transportation upon its railroad during her natural life, upon the sole condition that such right should be forfeited if her passbook of tickets should be presented for fare by any person other than herself. Pursuant to this agreement, and about three months after the execution thereof, the defendant delivered to the plaintiff a passbook of tickets, upon the front cover of which were printed the following words, viz.:

"Syracuse, Lakeside & Baldwinsville Railway.

"This Pass Book is issued to Adelaide Dow and family, who voluntarily release the Company from all claims for damages for personal injuries from whatever cause,"

—And each of the tickets contained in this book bore upon its face the statement that it was "void if detached." These tickets were accepted and used by the plaintiff, and the following year another book was issued to her, which contained upon its cover the same printed matter as that on the one first issued, and, in addition thereto, the following agreement, viz.:

"Syracuse, N. Y., 4—22—1901.

'I hereby accept this Pass Book subject to any and all Rules which may be made by the Syracuse, Lakeside & Baldwinsville Railway, and with the express understanding and agreement that the passes herein are never to be offered for fare except by me.

"[Signed]                                                                    Adelaide Dow."

"Order to Conductors.

"This Pass Book is to be taken up by you if presented by any person other than the one above named."

Upon the tickets contained in this book were printed the words following, viz.:

"Syracuse, Lakeside & Baldwinsville Railway.

"Good for One Fare.

"This pass is issued to Adelaide Dow and family and is given and accepted with the express understanding that it shall be used by no other person and subject to the rules of this Company.          W. Judson Smith, President."

On the 5th day of June, 1901, while riding in one of the defendant's cars upon a ticket contained in the passbook last mentioned, the plaintiff was seriously injured in consequence of the tipping over of the car as it was rounding a curve at the corner of Belden avenue and Liberty street, in the city of Syracuse. The plaintiff, upon the trial, gave evidence tending to prove that the accident which resulted in her injuries was due to the negligence of the defendant's motorman upon the car in question; but the trial court, instead of putting the defendant to its proof, directed a nonsuit at the close of the plaintiff's case, upon the ground that she had released the defendant from all liability for any injuries sustained by her arising out of the defendant's negligence. Subsequently a motion for a new trial was granted, and from the order granting the same this appeal was taken.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

A. Lee Olmsted, for appellant.

Frank C. Sargent, for respondent.

ADAMS, P. J.  For the purposes of this review it must be assumed that the defendant's negligence was established, and consequently the only question now to be considered is whether or not it stands absolved from all liability therefor.  The contention that it does so stand is based, of course, upon the words printed upon the front cover of the passbook issued to the plaintiff by the defendant pursuant to its agreement to furnish her free transportation over its railroad in part consideration for the conveyance by her to it of a strip of land for a right of way over her premises.

We think there are two reasons why this contention cannot be sustained. · In the first place, the written agreement in question specified the sole condition upon which transportation should· be furnished the plaintiff, and that was that the passes issued therefor should be used by no other persons than those to whom they were issued, and that a violation of this condition should work a forfeiture of the same.  Subject to this single condition, the defendant agreed to provide the plaintiff with an annual pass each and every year of her life, to be used by her for transportation over the defendant's railroad "as often as [she] may desire."  No limitation was placed upon this right, and the agreement contains no language which, by the most liberal construction, can be said to attach any conditions to its enjoyment, other than the one already mentioned.  In these circumstances, we think the defendant obligated itself to furnish the plaintiff with transportation, relieved from any other condition;  and that when it assumed to attach to the fulfillment of such obligation an additional condition, and one which was never within the contemplation of the parties, it foisted upon the plaintiff a new contract, for which no consideration passed.  In other words, the defendant was bound by the subsisting contract between it and the plaintiff to furnish the latter with transportation over its road for a consideration agreed upon;  but when it undertook to make for itself what was, in effect, a new contract, by imposing upon the plaintiff a condition which was not contained in the original contract, it furnished no consideration therefor, and consequently is in no position to enforce the same.  Corcoran v. N. Y. C. & H. R. R. Co., 25 App. Div. 479, 49 N. Y. Supp. 701, affirmed 164 N. Y. 587, 58 N. E. 1086;  Trolan v. N. Y. C. & H. R. R. Co., 31 App. Div. 320, 52 N. Y. Supp. 257;  Seybolt v. N. Y., L. E. & W. R. Co., 95 N. Y. 562, 47 Am. Rep. 75;  Vanderbilt v. Schreyer, 91 N. Y. 392.  If, therefore, the lack of consideration rendered the alleged release nudum pactum, then, within the authority of one of the cases above cited (Seybolt v. N. Y., L. E. & W. R. Co.), the plaintiff's acceptance of the passbook with the new condition printed upon its cover did not indicate any intention upon her part to assent to the terms thereof;  and this view is not a little strengthened by the fact, made manifest by an examination of the book itself, that the only condition to which the plaintiff expressly assented over her signature was the one specified in the agreement, viz., that the passes therein contained were to be offered for fare by no one but herself.

But if we are in error in the views thus far expressed, we think that our second reason for sustaining the order appealed from is one which cannot be successfully controverted. Although there was at one time apparently some contrariety of opinion in the Court of Appeals respecting the right of a carrier to limit its common-law liability for its negligent acts by a contract which did not contain express words to that effect (Cragin v. N. Y. C. & H. R. R. Co., 51 N. Y. 61, 10 Am. Rep. 559; Mynard v. S. B. & N. Y. R. R. Co., 71 N. Y. 180, 27 Am. Rep. 28; Holsapple v. R. W. & O. R. R. Co., 86 N. Y. 275), it seems to be now pretty well settled that, where such a limitation is intended, it must be expressed in language so plain and unequivocal that it may be readily comprehended by every one (Nicholas v. N. Y. C. & H. R. R. Co., 89 N. Y. 370; Jennings v. G. T. R. Co., 127 N. Y. 438, 28 N. E. 394; Rathbone v. N. Y. C. & H. R. R. Co., 140 N. Y. 48, 35 N. E. 418); and that this rule is as applicable to the carrier of passengers as to the carrier of freight (Kenney v. N. Y. C. & H. R. R. Co., 125 N. Y. 422, 26 N. E. 626; McElwain v. Erie R. Co., 21 Wkly. Dig. 21). It is to be observed that the release in question is very general in its terms. It does not even hint at any exemption from liability for negligence, but simply provides that the defendant shall be released "from all claims for damages for personal injuries from whatever cause." We are not unmindful of the contention of the appellant's counsel that no effect whatever can be given to this language unless it be held to embrace negligence, inasmuch as a carrier of passengers is not an insurer of their safety; nor have we overlooked the language of some of the earlier decisions, which is to the effect that, where general words may operate without including negligence, it will not be assumed that they were intended to include it; but we think the rule laid down by the more recent authorities is based upon the broad principle that considerations of public policy require that, before a carrier may claim immunity from the consequences of its own negligence, such immunity must be written into the contract of release stricti sensus (Kenney v. N. Y. C. & H. R. R. Co., supra), and, while we do not think it impossible to affirm this order upon the ground that the language of the release might, under some circumstances, become operative without including the defendant's negligence, and therefore will not be presumed to be thus inclusive, we prefer to rest our decision upon the broader principle to which allusion has been made, and which, we think, it must be conceded now obtains in this state. The order appealed from should be affirmed.

Order affirmed, with costs. All concur.