## DOYLE v. BALTIMORE & O. R. CO.

(Circuit Court, W. D. Pennsylvania.   December 30, 1903.)

No. 18.

1. CARRIERS OF GOODS—LIMITATION OF LIABILITY FOR NEGLIGENCE—PROVISION IN BILL OF LADING.

A common carrier cannot limit its liability for goods lost in shipment, through its negligence, by any regulation or any provision printed on the back or stamped across the face of the bill of lading, unless the same is agreed upon with the shipper or distinctly brought to his attention.

At Law.   Action to recover for goods lost in transportation.   Sur question of law reserved.

Reed, Smith, Shaw & Beal, for plaintiff.

Johns McCleave, for defendant.

ACHESON, Circuit Judge.   The plaintiff's household goods were lost during transportation by the negligence of the railroad company, the defendant.   Under the charge of the court it must be taken that the jury found (what they might well do upon the evidence) that Mrs. Doyle, who attended to the shipment and represented her husband, the plaintiff, in this business, did not agree to any valuation of the goods; that her attention was not called to the regulation printed on the back of the bill of lading in respect to a liability on the part of the carrier based on an agreed value or a classification; that she did not notice that regulation, or know of it; and that she did not read or notice the memorandum, "Released to a valuation of $5.00 per 100 lbs.," which was stamped across the face of the bill of lading. According to Mrs. Doyle's testimony (which was uncontradicted), nothing whatever was said to her or by her in regard to a reduced rate of freight or about the value of the goods, but she simply paid to the defendant's agent the amount of freight he demanded, and took from him, without examination by her or any explanation on his part, the paper (the bill of lading) which he handed to her.   She testified that she did not notice the stamped memorandum above recited until the next day, when she reached Poughkeepsie and was mailing the bill of lading to her husband, and that she did not then understand what the memorandum meant.   The question of law reserved is "whether by virtue of the bill of lading the liability of the defendant is conclusively limited to $5.00 per 100 lbs., to wit, to the sum of $232.50, with interest."

The regulation upon which the defendant relies is contained in the middle of a long condition numbered 3, printed on the back of the bill of lading, and the regulation is in these words:

"The amount of any loss or damage for which any carrier becomes liable shall be computed at the value of the property at the place and time of shipment under this bill of lading unless a lower value has been agreed upon or is determined by the classification upon which the rate is based, in either of which events such lower value shall be the maximum price to govern such computation."

¶ 1. See Carriers, vol. 9, Cent. Dig. § 691.

The bill of lading itself does not show a classification, nor does it, as prepared and printed by the carrier, contain an agreed value. The regulation therefore requires a resort to evidence dehors the bill of lading to show an agreed value or classification. The only thing connected with the bill of lading here even tending to show an agreement as to valuation is the memorandum above referred to stamped on the bill of lading. If the stamped memorandum, "Released to a valuation of $5.00 per 100 lbs.," simply imports a release (as the language indicates), the memorandum, even if known to the shipper or his agent when the bill of lading was delivered and accepted, would not relieve the railroad company from responsibility for the negligence of itself or its servants. Railroad Company v. Lockwood, 17 Wall. 357, 21 L. Ed. 627; Railway Company v. Stevens, 95 U. S. 655, 24 L. Ed. 535. But the uncontradicted evidence shows that Mrs. Doyle did not perceive the memorandum, and had no knowledge whatever in respect to it, when she received the bill of lading. It further appears that she did not agree to a restricted liability or know that a limited liability was contemplated, and that she did not knowingly accept a reduced rate of freight.

The leading case upholding a contract limiting the liability of a common carrier to the extent of an agreed valuation in case of loss or damage by the negligence of the carrier is Hart v. Pennsylvania Railroad Co., 112 U. S. 331, 343, 5 Sup. Ct. 151, 157, 28 L. Ed. 717. There, however, the shipper had signed the contract, and it was not suggested or pretended by him that he did not understand the terms of the bill of lading or acted under any misapprehension; and the Supreme Court, in concluding its opinion, took care to say:

"The distinct ground of our decision in the case at bar is that where a contract of the kind, signed by the shipper, is fairly made, agreeing on the valuation of the property carried, with the rate of freight based on the condition that the carrier assumes liability only to the extent of the agreed valuation, even in case of loss or damage by the negligence of the carrier, the contract will be upheld as a proper and lawful mode of securing a due proportion between the amount for which the carrier may be responsible and the freight he receives, and to protect himself against extravagant and fanciful valuations."

In the case in hand Mrs. Doyle, who acted for the plaintiff, did not sign anything, and according to the evidence she did not agree upon a valuation nor bargain for or knowingly accept a reduced rate of freight. It was declared by the Supreme Court in Railroad Company v. Manufacturing Company, 16 Wall. 318, 21 L. Ed. 297, that an unsigned general notice printed on the back of a receipt, purporting to limit the common-law liability of a common carrier, does not amount to such a contract, though the receipt, with such notice on it, may have been taken by the consignor without dissent. The effect of a notice, or memorandum, or specific regulation, printed upon a passenger's ticket or bill of lading, was considered in the case of The Majestic, 166 U. S. 375, 384, 385, 17 Sup. Ct. 597, 41 L. Ed. 1039, and in the case of Calderon v. Atlas Steamship Company, 170 U. S. 272, 278, 18 Sup. Ct. 588, 42 L. Ed. 1033. From the principles there laid down by the Supreme Court, and the cases, American and English, there cited with approval, it may be confidently affirmed that a common carrier cannot

limit his liability in respect to the carriage of goods by such notice, memorandum, or regulation, unless they are distinctly brought to the notice of the shipper. In the present case it was shown that the attention of the shipper was not called to the regulation or memorandum upon which the defendant relies. That the question of notice is one of fact to be submitted to the jury appears from what is said by the Supreme Court in the case of The Majestic, 166 U. S. 385, 17 Sup. Ct. 597, 41 L. Ed. 1039, and the authorities there cited.

I am of the opinion that under the uncontradicted evidence, and in view of the findings of fact by the jury, judgment should be entered for the plaintiff upon the verdict, and it is so ordered.