Sullivan, }
June 6, 1905. }

PEERLESS MANUFACTURING CO. v. NEW YORK, NEW HAVEN
& HARTFORD RAILROAD CO.

HARPIN v. SAME.

Common carriers cannot exempt themselves by express contract from liability
for loss or damage attributable to their own negligence.

A consignor is entitled to recover of common carriers for merchandise de-
stroyed by fire which started without their fault, but which they negli-
gently failed to extinguish.

In an action against common carriers to recover for merchandise destroyed
by fire, evidence of inadequate public protection is competent upon the
question of the defendants' negligence in failing to employ watchmen and
maintain fire apparatus.

CASE, for goods destroyed by fire while in the custody of the
defendants as common carriers. Trial by the court and verdicts
for the plaintiffs. Transferred from the May term, 1904, of the
superior court by *Wallace*, C. J., upon the defendants' exceptions
to the denial of their motions for nonsuits and to the admission of
evidence as to the fire protection provided by the city of Taunton,
Massachusetts, in the vicinity of the defendants' freight yards.

The evidence in the first case tended to prove the following
facts: The plaintiffs delivered a case of goods to the Boston &
Maine Railroad at Newport, New Hampshire, for shipment to
Taunton, Massachusetts. The Boston & Maine Railroad delivered
the merchandise to the defendants at Lowell, Massachusetts, and
they hauled it to Taunton, where it arrived on Sunday morning.
The car was not unloaded upon arrival, but remained upon the
track near the defendants' transfer station, and was destroyed that
night by a fire which started without their fault. The transfer
station stood in the middle of a large freight yard, and consisted
of an open shed about 400 feet long, with an office building at one
end and a storehouse at the other. The fire started in the middle
of the shed and was discovered by a crossing tender when it had
been burning only a few minutes; but no alarm was given, nor
any attempt made to extinguish the fire or to remove the cars
from its vicinity, for three quarters of an hour. When an alarm
was given the fire department responded promptly, but considera-
ble time was consumed in getting sufficient water to control the
conflagration, owing to a scarcity of hydrants in that section of
the city. Although the fire spread slowly, before it was placed
under control the transfer station was burning from end to end,

together with a large number of cars which stood on the tracks near it. The defendants employed no one to discover or extinguish fires on their premises and provided no fire apparatus. If the transfer station had been equipped with hydrant and hose, two men could have controlled the fire within five minutes from the time it was discovered. The majority of those who are engaged in business in that section of the city maintain their own fire apparatus, and are permitted to connect their hydrants with the city's water-mains. There had been several fires in the yard before the one in question. The plaintiffs' goods were shipped under a special contract which provided that "no carrier . . . shall be liable for any loss thereof or damage thereto . . . by fire from any cause, wheresoever occurring."

The evidence in the second case was the same as that in the first, excepting that the property destroyed was a trunk filled with clothing.

*Frank O. Chellis*, for the plaintiffs.

*Ira Colby & Son*, for the defendants.

YOUNG, J. The defendants' first exception must be overruled because there is evidence from which it can be found that the defendants' negligence was the legal cause of the plaintiffs' loss, and they cannot relieve themselves from the consequences of their wrongful acts by special contract, either in this state or in Massachusetts. *Durgin* v. *Company*, 66 N. H. 277; *Cox* v. *Railroad*, 170 Mass. 129, 136, 137; *School District* v. *Railroad*, 102 Mass. 552. It could be found that if the defendants had used ordinary care in respect to employing watchmen and providing apparatus for extinguishing fires, this one would have been confined to the transfer station. In that case, notwithstanding the fire started without the defendants' fault, their negligence in respect to extinguishing it would be the legal cause, and the fire itself only the occasion, of the plaintiffs' loss.

The evidence in respect to the facilities provided by the city for extinguishing fires was properly admitted, for the precautions that ordinary men would take to protect the property in this yard from fire would depend in some degree, at least, upon the protection furnished by the city. The exception to the amount of the damages in the second case, not having been argued, has not been considered.

*Exceptions overruled.*

All concurred.