JAMES W. DUGAN *vs.* BLUE HILL STREET RAILWAY
COMPANY.

Norfolk.   November 14, 15, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Carrier*, Of passengers.  *Street Railway.  Negligence.  Practice, Civil*, Exceptions.

Whether a motorman in the employ of a street railway company while being car-
ried on a car of the company upon an errand of his own after his day's work
is done, under a pass by the terms of which he assumes all risk of accidents, has
the rights of a passenger for hire, depends on the question of fact whether the
pass was given him as a gratuity or whether it was issued to him as one of the
terms of his employment; in which last case the clause in regard to his assump-
tion of risk is not binding and he has the rights of a passenger for hire.

In an action against a street railway company for personal injuries incurred by a
motorman in the employ of the defendant while being carried on a car of the
defendant upon an errand of his own after his day's work was done, it appeared
that the plaintiff was travelling on a pass by the terms of which he assumed
all risk of accidents, that when the plaintiff first was employed by the defend-
ant all employees while travelling for pleasure or on their personal business
were transported free without passes, that at a time two or three years before
the accident when the plaintiff went for his week's pay the paymaster threw
out with the envelope containing his pay a pass like the one on which the plain-
tiff was travelling at the time of the accident, and that each year after that a
similar pass was issued in renewal of it.  The defendant asked the presiding
judge to rule that the plaintiff was not a passenger for hire.  The judge said,
"This seems to be a question of law," to which the defendant assented.  There-
upon the judge refused the request.  In charging the jury the judge ruled that
as matter of law the plaintiff was a passenger for hire, saying, "I have to rule
one way or the other, it being agreed to be a question of law."  The defendant
did not object to this statement of the judge, but excepted to the ruling.  *Held*,
that whether the plaintiff was a passenger for hire was a question of fact de-
pending on whether the pass was given him as a gratuity or was issued to him
as one of the terms of his employment, so that the refusal to rule as matter of
law that the plaintiff was not such a passenger was correct; that the defendant
by assenting to the statement of the judge, either must be taken to have agreed
that the judge should rule on the question of fact as if it were a question of law,
and in this case the defendant's exception to the ruling that the plaintiff was a
passenger for hire must be overruled, as on the question of fact this court could
not say that the judge came to the wrong conclusion, or the defendant's counsel
must be taken to have asked the judge to rule on the question as one of law
because if it was a question of fact he did not care to go to the jury on it, in which
case also the exception must be overruled.

TORT for personal injuries from a collision of two cars owned
and operated by the defendant, on one of which the plaintiff was
travelling in the manner described in the opinion between nine

and ten o'clock in the evening of October 10, 1904, as the car was proceeding along Washington Street from Mattapan to Canton. Writ dated January 20, 1905.

At the trial in the Superior Court before *Sherman,* J. the jury returned a verdict for the plaintiff in the sum of $9,000; and the defendant alleged exceptions. The material facts and the course of the trial are stated and described in the opinion.

The face of the pass on which the plaintiff was travelling at the time of the accident was as follows:

" Blue Hill Street Railway Co. ، Pass J. Dugan, motorman (1904), until December 31, 1904, unless otherwise ordered. No. 641.

" J. B. Huntoon, Manager."

On the back of the pass was the following:

" Conditions: The person accepting this free ticket assumes all the risk of accidents; expressly agrees that the company shall not be liable under any circumstances, whether by negligence by their agents or otherwise, for injuries to the person, or for the loss of or injury to the property of the passenger using this ticket, and he agrees that as for him he will not consider the company as common carriers, or liable as such. If presented by any other person than the individual named thereon, the conductor will take up this ticket and collect fare."

*T. Hunt,* (*H. W. Palmer* with him,) for the defendant.

*G. F. Williams,* (*H. D. Crowley* with him,) for the plaintiff.

LORING, J. In the first count of the declaration on which alone the plaintiff went to the jury he declared on the ground that he was a passenger for hire. At the trial it appeared that he was a motorman in the employ of the defendant, riding on an errand of his own after his day's work was done, under a pass by the terms of which he assumed all risk of accidents.

The defendant operates an electric car line between Stoughton and Mattapan. The plaintiff entered the defendant's employ in the autumn of 1898, six years before the accident, which was on October 10, 1904. When the plaintiff was first employed by the defendant all employees were allowed at all times to ride for pleasure or on their own personal business without paying a fare. This continued until January, 1902, as we understand the bill of exceptions. At some time in January, 1902,

when the plaintiff went for his week's pay, the paymaster threw out with the envelope containing his pay a pass like the one on which the plaintiff was riding at the time here in ques- tion. Each year after that a similar pass was issued in re- newal of it.

It appeared that the plaintiff lived at Canton, within three minutes' walk of the defendant's car barn at that place. As we understand it, in going from Mattapan to Stoughton you come to Canton before you reach Stoughton. The plaintiff testified on direct examination that a majority, and on cross-examination that all but one, of the defendant's employees lived in Canton; that the one who did not live in Canton lived in Stoughton; and that it did not make any difference in the rate of wages paid whether they lived in Canton or in Stoughton.

The plaintiff also testified that immediately after his employ- ment: "I rode back and forward to my house and would ride down to my dinner and supper." By this we understand him to mean that he rode from the terminus in Stoughton to the car barn in Canton, and *vice versa*, to go to his work and to get his dinner and supper and to return to his home on the termination of the day's work.

At the conclusion of the testimony the defendant asked the presiding judge to rule that the plaintiff was not a passenger for hire. The judge said, "This seems to be a question of law," to which the defendant's counsel assented; and thereupon the judge said that he should rule against him.

When the presiding judge came to the part of his charge, in which he had to deal with the question of the plaintiff's being or not being a passenger for hire, he said: "I was asked to rule that he was bound by that pass and could not recover. I have to rule one way or the other, it being agreed to be a question of law, and our court have lately passed upon a similar case, and decided that the agreement on the pass does not excuse the defendant, and that they are liable just the same, and I need not go into the reason for that or the explanation. I have seen fit to rule that that does not excuse them, and so he is to be treated as though he were passenger."

The plaintiff had a verdict, and the case is here on an excep- tion to the refusal to rule that the plaintiff was not a passenger

for hire; and secondly, on an exception to the ruling given by the presiding judge on that matter in his charge to the jury.

The rule on which the rights of the parties depend in such cases as that now before us is settled in this Commonwealth by the cases of *Quimby* v. *Boston & Maine Railroad,* 150 Mass. 365, and *Doyle* v. *Fitchburg Railroad,* 166 Mass. 492, and it is this: Where a pass is issued as a gratuity the clause providing that the holder assumes all risk of accidents is binding. *Quimby* v. *Boston & Maine Railroad,* 150 Mass. 365. But where such a pass is issued to an employee as one of the terms of his employment the clause is not binding. *Doyle* v. *Fitchburg Railroad,* 166 Mass. 492.

Which of these two was the fact in the case at bar was a question for the jury. It well might be found in the case at bar that the custom which had existed for three years at least before the first pass was issued to the plaintiff, by which the employees were to ride free at all times, had come to be generally understood by the railway company and its employees to be an implied as distinguished from an express term but still a term in the contract on which its employees were hired. Whether this inference should or should not be drawn under all the circumstances of the case was for the jury to decide. In this connection it was of importance that the plaintiff did not ask for a pass as a favor; and the way in which (as the plaintiff testified) the pass was first issued, to wit, "it was thrown out" with the pay and "nothing said," is of some consequence.

The only question of difficulty in the case is to decide how the exceptions now before us are to be disposed of.

If the only exception taken had been an exception to the refusal of the judge to rule that the plaintiff as matter of law was not a passenger for hire, no difficulty would arise. The exception should be overruled.

But the judge not merely refused to rule that as matter of law the plaintiff was not a passenger for hire. He went further and ruled that as matter of law he was a passenger for hire; and to this the defendant excepted.

Whether the plaintiff was or was not a passenger for hire was, as we have said, a question for the jury; and if there had been nothing else in the case the exceptions taken to the ruling that

as matter of law he was a passenger for hire would have to be sustained.

The difficulty arises from the fact that the judge in his charge, after stating that he had been asked by the defendant " to rule that he [the plaintiff] was bound by that pass and could not recover," said : " I have to rule one way or the other, it being agreed to be a question of law." On this bill of exceptions we must take it that this was assented to by the defendant.*

If the result of this is that the defendant is to be taken to have asked the presiding judge to rule on this question of fact as if it were a question of law, we cannot say that the judge came to the wrong conclusion ; and therefore the exception must be overruled. Again, if the result of this is that the defendant's counsel must be taken to have asked the judge to rule on this as a question of law because he did not care to go to the jury on it if it was a question of fact, the exception must be overruled.

We are inclined to think that the latter is the view which ought to be taken of the exceptions. In either event the entry must be

*Exceptions overruled.*

---

* The defendant at the trial was not represented by the counsel who argued the case before this court.