## INDIANAPOLIS TRACTION & TERMINAL COMPANY *v.* KLENTSCHY.

[No. 20,867.    Filed January 9, 1907.]

1. TRIAL.—*Verdict.*—*General.*—*Import of.*—A general verdict for plaintiff is a finding that the material allegations of the complaint are true.    p. 600.

2. APPEAL AND ERROR.—*Weighing Evidence.*—The Supreme Court can disturb a judgment on the ground of insufficiency of the evidence, only where there is a total failure of the evidence to support some material point of the case.    p. 600.

3. STREET RAILROADS.—*Carriers.*—*Gratuitous Carriage.*—*Invitation.*—Where an officer of a street railroad company, on behalf of such company, invited a visiting order, composed of women of whom plaintiff was one, to take a free trolley ride on one of such company's cars, the acceptance of such invitation by taking passage on the car constituted the plaintiff a passenger.    p. 600.

4. SAME. — *Carriers.*—*Gratuitous Carriage.*—*Negligence.*—*Liability.*—Carriers are liable to passengers for negligence resulting in damage, though the carriage is gratuitous.    p. 601.

5. CARRIERS. — *Gratuitous Carriage.*—*Negligence.*—*Contracts.*—Carriers may contract against liability for negligence in the gratuitous carriage of passengers.    p. 601.

From Hamilton Circuit Court; *Samuel R. Artman,* Special Judge.

Action by Mary Klentschy against the Indianapolis Traction & Terminal Company. From a judgment on a verdict for plaintiff for $1,000, defendant appeals.

Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*F. Winter, William S. Christian* and *W. H. Latta,* for appellant.

*Doan & Orbison* and *Neal & Beals,* for appellee.

MONKS, J.—Appellee brought this action to recover damages for personal injuries alleged to have been caused by the negligence of appellant while she was a passenger upon one of its cars. A trial of said cause resulted in a verdict, and, over a motion for a new trial, a judgment in favor of appellee.

The errors assigned and not waived call in question the action of the court in overruling appellant's motion for a new trial. The causes assigned for a new trial and urged in this court as grounds for reversal of the judgment are: "(1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the court erred in refusing to instruct the jury to return a verdict for the defendant."

It is alleged in the complaint, in substance, that appellant is a common carrier of passengers for hire, and operates and controls a line of street railroad in the city of Indianapolis; that on May 14, 1903, appellee was invited with other ladies to take passage on one of defendant's cars, which ran in and along Central avenue; that she was given passage upon said car because she was a member of the National Council of Royal Neighbors of America, which was then visiting the city of Indianapolis; that she took passage upon a car owned, controlled, and operated by appellant, and was riding as a gratuitous passenger on said car; that while so riding, appellant carelessly, negligently, and without warning ran said car upon which appellee was riding into the rear end of another car of appellant upon the same line, thereby throwing appellee backward against the rear end of said car and on the floor, thereby inflicting deep, lasting, severe, and permanent injuries upon her

person, etc.; that said injuries were caused solely by the negligence of appellant as aforesaid in causing said cars to collide.

Appellant insists that under the evidence in this case the relation· of carrier and passenger did not exist between appellant and appellee at the time she was injured, and that· appellant did not owe her· any duty at said time, and the motormen and conductors whose negligence caused the injury of appellee were at the time servants of the Royal Neighbors, and that appellant was not responsible for their negligence. The general verdict for appellee necessarily found that appellant had the control of said cars, conductors, and motormen, and ran and operated said cars through its said servants, and that said society of Royal Neighbors did not control said servants or manage or operate said cars, and that appellee was a gratuitous passenger on one of said cars and was injured by the negligence of the employes of appellant as alleged in the complaint.

It is settled that this court will not disturb the verdict of a jury merely on the weight of the evidence. It is only when there is no evidence on one or more material points that this court can interfere on the ground of the insufficiency of the evidence. *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242, 244-246; *McCarty* v. *State* (1891), 127 Ind. 223, and cases cited.

It appeared from the evidence that on May 14, 1903, the order of Royal Neighbors, composed of women, was holding a national convention in the city of Indianapolis, appellee being in attendance. A committee of said society solicited a donation from appellant, and were informed by one of its officers that it could not make a donation, but would give a free trolley ride to the members of said society attending the convention and furnish them street cars for that purpose. The committee caused an invitation to be given to the delegates, and a large

number of them, including appellee, availed themselves of the invitation and boarded the cars for a ride through the city. During the progress of the ride a collision occurred between two of the cars, by reason of which appellee was injured. The three cars were in charge of the regular conductors and motormen of appellant, and appellant run and operated said cars through said employes.

The invitation was authorized by the appellant's officer and was the invitation of appellant, and, when appellee, one of the persons so invited, took passage on one of said cars, she was a passenger, and the relation of carrier and passenger existed between appellant and appellee.

4. A passenger who is carried gratuitously by a common carrier is as much a passenger as if he were paying full fare, and the mere fact that he is carried gratuitously will not of itself deprive him of his right of action if injured by the negligence of the carrier. *Russel* v. *Pittsburgh, etc., R. Co.* (1901), 157 Ind. 305, 312, 313, 55 L. R. A. 253, 87 Am. St. 214, and cases cited; 2 Hutchinson, Carriers (3d ed.), §§1021, 1022; 5 Am. and Eng. Ency. Law (2d ed.), 507, 508; 6 Cyc. Law and Proc., 544.

5. True, when a passenger who is carried gratuitously— that is, as a favor, and without any compensation or advantage to the carrier—the carrier may lawfully contract with him that he will take upon himself all risk of personal injury from the negligence of the agents and servants of the carrier for which the carrier would otherwise be liable. 6 Cyc. Law and Proc., 579; 2 Hutchinson, Carriers (3d ed.), §1075; *Payne* v. *Terre Haute, etc., R. Co.* (1902), 157 Ind. 616, 56 L. R. A. 472, and cases cited.

There is no claim in this case that appellee entered into any such contract with appellant, or that she was carried by appellant subject to any such condition or stipulation. A judgment in favor of a member of the Royal Neighbors

for injury received in the same collision was sustained by the United States Circuit Court of Appeals, in *Indianapolis Traction, etc., Co.* v. *Lawson* (1906), 143 Fed. 834.

Judgment affirmed.