## INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* ISGRIG, ADMINISTRATRIX.

[No. 22,504.   Filed February 6, 1914.]

1. Carriers.—*Master and Servant.—Employe as Passenger. — Fellow Servant.*—A servant of a street car company, who after finishing his day's work, is being carried to his home on a car of the company under a pass issued by the company to each of its employes, is a passenger, and not a fellow servant of the employes in charge of the car.   p. 213.

2. Appeal.—*Refusal to Transfer Causes Decided by Appellate Court.—Effect.*—The denial of a petition to transfer a cause decided by the Appellate Court is an approval of such decision by the Supreme Court.   p. 213.

3. Appeal.—*Review.—Harmless Error.—Ruling on Demurrer to Answer.*—Error, if any, in sustaining a demurrer to a paragraph of answer was harmless, where defendant was permitted to show under the general denial all the matters relating to the defense therein alleged.   p. 213.

4. Carriers.—*Carriage of Passengers.—Stipulations of Nonliability.—Validity.*—Where a pass is issued as a gratuity, a clause providing that the holder assumes all risk of accident is binding; but, where there is a consideration for the transportation, a stipulation exempting the carrier from liability for its negligence is contrary to public policy and void.   p. 215.

5. Carriers.—*Carriage of Passengers.—Stipulations of Nonliability.—Passes to Employes.*—Under evidence showing that a street car company regularly furnished its servants with passes to and from their work, it must be presumed that the pass given to decedent was given as a part of his wages, and not a free pass, hence a stipulation thereon exempting the company from liability for its negligence was void.   pp. 215, 217.

6. CARRIERS.—*Carriage of Passengers.*—*Stipulations of Nonliability.*—When a corporation enters into the relationship of carrier and passenger, the law writes into the contract the stipulation that the carrier shall use the highest degree of care for the safety of the passenger, and it must respond in damages if its failure to use such care results in injury to the passenger, hence a common carrier of passengers cannot contract against liability for negligence. p. 216.

7. APPEAL.—*Review.*—*Weight of Evidence.*—The court on appeal cannot weigh the evidence, and where there was some evidence to support the finding, the finding is conclusive. p. 217.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Sallie Isgrig, administratrix of the estate of William E. Isgrig, deceased, against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

W. H. Latta, Kane & Kane and F. Winter, for appellant. *Christian & Christian, Samuel E. Garrison* and *James M. Ogden,* for appellee.

ERWIN, J.—This was an action against appellant for negligence in causing the death of appellee's decedent, begun in the Marion Superior Court, and by reason of changes of venue was tried in the Hamilton Circuit Court where a verdict was returned for appellee for $5,000.

The assignment of errors presents two questions: (1) The sustaining of a demurrer to appellant's second paragraph of answer; (2) the overruling of the motion for a new trial.

The second paragraph of answer seeks to avoid liability on the part of the appellant by reason of the alleged fact, that appellee was riding on a pass, given him by his employer, appellant, for the purpose of returning to his home, after his day's work had been finished, which pass contained a stipulation as follows:

"This ticket is issued to the person using the same, only on account of being an employe of the company

and is voluntarily accepted as a gratuity, and in consideration thereof no claim is made against the Indianapolis Traction and Terminal Company for any death caused, or injury to person or property, received, while using the same.''

The questions presented by the ruling on the demurrer to the second paragraph are: (1) Was the appellee's decedent a passenger within the meaning of the term, or a fellow servant? (2) If a passenger, were the terms of the pass binding upon him, and the widow and child for whom this suit is prosecuted?

As to the first proposition, the Appellate Court in *Indianapolis Traction, etc., Co.* v. *Romans* (1907), 40 Ind. App. 184, 79 N. E. 1068, after a full citation of authorities holds under the same state of facts as is here alleged that the employe was a passenger and not a fellow servant. Transfer to Supreme Court was denied in that case. The refusal to transfer was an approval of that decision by this court, and we still adhere to that opinion. This court has further adhered to the principle therein declared in *Indiana Union Traction Co.* v. *Langley* (1912), 178 Ind. 135, 98 N. E. 728.

In so far as the ruling upon the demurrer to this answer presents any question, it would not be reversible error, if one was committed, for in the trial of the cause the appellant was permitted to show, under the general denial, all the facts in relation to the pass, and the circumstances under which it was issued by the appellant, and accepted by the appellee's decedent. *Board, etc.* v. *State, ex rel.* (1897), 148 Ind. 675, 48 N. E. 226; *Perry* v. *Acme Oil Co.* (1909), 44 Ind. App. 207, 88 N. E. 859. What we have to say as to the second proposition, will be discussed under the second assignment of error.

It is contended by appellant that the court erred in overruling his motion for a new trial on the grounds that the verdict of the jury is contrary to law, and is not sustained

by sufficient evidence; that the court erred in giving certain instructions of its own motion, the giving of certain instructions tendered by appellee, the refusal to give certain instructions tendered by appellant, for error of law in the admission and refusal to admit certain evidence; and that the damages are excessive.

The facts established by the evidence in this case are: That appellee's decedent was a conductor, on a street car of appellant; that he completed his day's work at midnight; that he lived at a place in said city remote from the car barns of appellant; that to reach his home he was compelled to take and did take passage upon a car of appellant, operated by other employes of appellant; that before taking his departure for home, he asked for and was given a ticket or pass, to the part of the city in which he resided, with conditions thereon as set out above; that it was the custom of the company to furnish employes with such tickets for transportation home; that decedent had been in the employ of appellant for more than two years, and all the time he worked for appellant, had been furnished with tickets such as this one, which were issued only to employes of appellant; that a short distance from where he boarded the car was a curve in the track of the appellant; that at this curve, he was thrown from said car and against the curb of said street with such force that he was so injured that he died very shortly thereafter; that when he entered the car he took a seat in said car provided for passengers, and remained seated until thrown from the car.

The principal question presented is as to whether the conditions of the pass as set out in the second paragraph of answer, excuse the appellant from liability. If that question must be answered in the affirmative, then the cause must be reversed. If it is answered in the negative, then the other alleged errors are not available. The answer to this question seems to depend upon the fact, as to whether the appellee was a passenger for hire, or whether the pass given

was a gratuity bestowed upon the servant. It seems to be settled in many of the states that where a pass is issued as a gratuity the clause providing that the holder assumes all risks of accident, is binding. It is equally well settled that where there was a consideration for the transportation, that a stipulation on the ticket or pass, that the carrier should be exempt from liability for injuries resulting from the negligence of its servants, such stipulation is contrary to public policy and void. *Quinby* v. *Boston, etc., R. Co.* (1890), 150 Mass. 365, 23 N. E. 205, 5 L. R. A. 846; *Doyle* v. *Fitchburg R. Co.* (1896), 166 Mass. 492, 44 N. E. 611, 33 L. R. A. 844, 55 Am. St. 417; *Indianapolis Traction, etc., Co.* v. *Klentschy* (1907), 167 Ind. 598, 601, 79 N. E. 908, 10 Ann. Cas. 869; *Williams* v. *Oregon Short Line R. Co.* (1898), 18 Utah 210, 54 Pac. 991, 72 Am. St. 777; *Eberts* v. *Detroit, etc., R. Co.* (1908), 151 Mich. 260, 115 N. W. 43; *Dugan* v. *Blue Hill St. R. Co.* (1907), 193 Mass. 431, 79 N. E. 748; *New York Central R. Co.* v. *Lockwood* (1873), 17 Wall. 357, 21 L. Ed. 627; *Ohio, etc., R. Co.* v. *Selby* (1874), 47 Ind. 471, 486, 17 Am. Rep. 719, and cases cited; *Payne* v. *Terre Haute, etc., R. Co.* (1902), 157 Ind. 616, 617, 62 N. E. 472, 56 L. R. A. 472.

The evidence in this case establishes the fact, without any dispute, that the appellant gave to all its employes, tickets such as the one shown to have been given decedent, and it is fair to presume that this one was given as a part of the wages of decedent. In the case of *Dugan* v. *Blue Hill St. R. Co., supra,* the court there said, citing *Doyle* v. *Fitchburg R. Co., supra,* "But where such a pass is issued to an employe as one of the terms of his employment the clause is not binding." In that case, Dugan was a motorman on the line of the defendant company and a pass was issued to Dugan, which authorized him to ride upon any of the cars of said company. On the back of the pass was a stipulation, in terms the same as the one under consideration. In the well-considered case of *Doyle* v.

*Fitchburg R. Co., supra,* and *Quinby* v. *Boston, etc., R. Co., supra,* the same doctrine had been announced, citing a large number of cases sustaining their position. Our own courts have adhered to the same doctrine. *Ohio, etc., R. Co.* v. *Selby, supra; Indianapolis Traction, etc., Co.* v. *Klentschy, supra; Payne* v. *Terre Haute, etc., R. Co., supra,* and cases cited. In all the cases in this State where passes were issued to shippers, termed, "stock drivers passes" the courts have properly decided that the payment of freight and the receipt of a bill of lading, and the issue of the pass, were an entirety, and that the companies stood in the relation of common carriers for hire, to plaintiff as part of the general public, and that therefore the rule which forbade the companies to abandon a duty owing to the general public, rendered the waiver void. The employment of the conductor, the labor performed, the payment of wages, the issuing of the pass for transportation to and from his home, are all an entirety, and as inseparable as the transaction in relation to the stock drivers pass. In our opinion, the appellee's decedent was not riding on a free pass.

It has been rightfully held that no man has the right to enter into a contract waiving his right to the benefits of exemption laws, for the reason that the public is interested in the welfare of his family, to the extent, at least that they shall not become objects of charity. *Pomeroy* v. *Beach* (1898), 149 Ind. 511, 49 N. E. 370; *Kalb* v. *Raisor* (1897), 17 Ind. App. 551, 47 N. E. 177. To hold that a common carrier, created as such by law may contract against liability for negligence, is to hold that it may, by its own acts, change the character of its organization from a common carrier to that of a private carrier for hire. The question of the validity of the contract in question and similar contracts, does not depend so much upon the results that may come by reason of the contract having been entered into, as the authority of the carrier to enter into such contracts. When a corporation enters into the relationship of

carrier and passenger, the law writes into that contract the stipulation that the carrier shall use the highest degree of care for the safety of its passenger, and when its failure to do so results in injury to the passenger, it must respond in damages.    The facts in this case are in all respects similar to the facts in *Doyle* v. *Fitchburg R. Co., supra.*    We feel that the law as declared therein should be the law of this case.    It must therefore follow that the stipulation, as pleaded in this case, in the second paragraph of answer and as proven under the general denial, whereby it sought to exempt itself from an obligation imposed by law, is void as against public policy.

The holding of this court as to the illegality of the conditions of the pass makes it unnecessary for us to pass upon the other questions as to the rulings of the court on the admission and rejection of evidence, and the giving and refusing to give certain instructions.    There was some evidence in the case sufficient to raise an issue of fact, on the question of negligence, which in this case, was submitted to the jury, whose finding was adverse to appellant; and so long as the constitutional provision that trial by jury shall remain inviolate, this court has no power, if it should so desire, to invade the field of facts, and usurp the powers conferred by the Constitution upon the jury that tried this case, and found the facts to be that appellant was guilty of negligence.

It is not earnestly insisted by appellant that the damages assessed are excessive and we are convinced they are not.

There being no error shown by the record the judgment is affirmed.

NOTE.—Reported in 104 N. E. 60.  See, also, under (1) 6 Cyc. 543; (2) 2 Cyc. 814; (3) 31 Cyc. 358; (4) 6 Cyc. 579; (5) 6 Cyc. 543; (6) 6 Cyc. 578; (7) 3 Cyc. 348, 360.  As to who are passengers and why they become so, see 61 Am. St. 75.  As to whether employe of railroad or street railway is a passenger while being carried to or from work, see 31 L. R. A. 321; 12 L. R. A. (N. S.) 853; 19 L. R. A.

(N. S.) 717; 23 L. R. A. (N. S.) 954. As to the liability of a carrier to passengers traveling on passes or contracts contrary to provisions of statute or constitution, see 14 L. R. A. (N. S.) 526; 43 L. R. A. (N. S.) 901. As to the validity of a stipulation in a free pass exempting a carrier of passengers from liability for negligence, see 4 Ann. Cas. 557; 12 Ann. Cas. 584.