SOVEREIGN CAMP WOODMEN OF THE WORLD *v.*
PORCH.

[No. 22,817.   Filed December 15, 1915.]

1. APPEAL.—*Review.—Evidence.—Conclusiveness of Verdict.*—The
court on appeal can not weigh conflicting evidence, and where there
is evidence which standing alone sustains the verdict, the verdict is
conclusive.   p. 93.

2. INSURANCE.—*Defenses.—Suicide.—Burden of Proof.—Presump-
tions.*—Where defendant relies upon the defense of suicide in an
action on a benefit certificate, it must establish suicide by a fair
preponderance of the evidence, and no presumptions of law will be
indulged in favor of either party.   p. 93.

3. TRIAL.—*Evidence.—Inferences.—Questions of Fact.*—What in-
ferences are to be drawn from the evidence is a question of fact for
the jury.   p. 93.

From Vanderburgh Circuit Court; *Duncan C.
Givens*, Judge.

Action by Pearl P. Porch against the Sovereign
Camp Woodmen of the World. From a judgment
for plaintiff, the defendant appeals. (Transferred
from the Appellate Court under §1405 Burns 1914,
Acts 1901 p. 590.) *Affirmed.*

*Edmund L. Craig* and *Arthur H. Burnett*, for ap-
pellant.

*George K. Denton*, for appellee.

ERWIN, J.—This was an action on a benefit certif-
icate issued by appellant to the husband of ap-
pellee, in which appellee was made the beneficiary.
The trial resulted in a verdict and judgment for ap-
pellee in the sum of $822.12. Appellee's husband
died August 31, 1911, from the effects of two gun-
shot wounds. To the complaint in this case ap-
pellant answered in effect that the benefit certif-
icate and by-laws of the society provided that in the
event of death of the insured by suicide there should
be no liability on said certificate; and averred that

the insured came to his death by his own hands and not by accident, by reason of which the certificate herein sued upon became and is null and void.

The only question presented for our consideration is, that the verdict is not sustained by sufficient evidence and is contrary to law. No question is here presented upon any error of law 1. occurring at the trial, and there being evidence in favor of the verdict which standing alone would sustain it, we are not permitted under the Constitution to weigh conflicting evidence. Art. 1, §20, Constitution of Indiana; *Adams* v. *Antles* (1915) 57 Ind. App. 594, 601, 105 N. E. 931; *Indianapolis Traction, etc., Co.* v. *Isgrig* (1914), 181 Ind. 211, 217, 104 N. E. 60; *Mannos* v. *Bishop-Babcock-Becker Co.* (1914), 181 Ind. 343, 345, 104 N. E. 579; *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758; *Boland* v. *Claudell* (1914), 181 Ind. 295, 298, 104 N. E. 577; *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 516, 103 N. E. 802; *Bradley* v. *Onstott* (1914), 180 Ind. 687, 689, 103 N. E. 798.

Appellant having the burden of its affirmative answer of suicide, it is incumbent on it to establish that fact by a fair preponderance of the evidence, and no presumptions of law can be indulged in 2. favor of either party. *Modern Woodmen, etc.* v. *Craiger* (1910), 175 Ind. 30, 92 N. E. 113, 93 N. E. 209. It is not contended by appellant 3. that there is any positive proof of suicide, but that certain evidence was introduced from which the jury could infer but one fact, and that is that the insured died by his own hands. What inferences may be drawn from the evidence is a question for the jury to determine. 16 Cyc 847 note 1; *Graham* v. *Badger* (1895), 164 Mass. 42, 47.; *Modern Woodmen, etc.* v. *Kincheloe* (1911), 175 Ind. 563,

94 N. E. 228, Ann. Cas. 1913 C 1259. There being no reversible error, the judgment is affirmed.

NOTE.—Reported in 110 N. E. 659. As to burden of proof of suicide in action on life policy, see 84 Am. St. 540. On the burden of proof as to suicide and the duty of the insured to negative the same on an action on a life insurance policy, see 4 L. R. A. (N. S.) 636; 50 L. R. A. (N. S.) 1008; 6 Ann. Cas. 698; Ann. Cas. 1913 C 1260. See, also, under (1) 3 Cyc 348; (2) 29 Cyc 235, 247; (3) 38 Cyc 1517.