CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY
COMPANY v. LAKE COUNTY SAVINGS AND
TRUST COMPANY, ADMINISTRATOR.

[No. 22,911. Filed December 20, 1916. Rehearing denied June 6, 1917.]

1. APPEAL.—Sufficiency of the Evidence.—Scope of Review.—In determining the sufficiency of the evidence to support the verdict, the court on appeal must view the direct evidence from the standpoint most favorable to appellee, aided by such inferences in his favor as might reasonably and fairly have been made by the jury. p. 362.

2. RAILROADS.—Crossing Accidents.—Contributory Negligence.—Evidence.—Sufficiency.—In an action for the death of one killed in a crossing accident where there was evidence tending to show that when decedent, riding in an automobile driven by another, came to the railway crossing the safety gates required by city ordinance were raised, that the machine stopped as the crossing watchman waved his flag, and that, after a switch engine on the tracks of another railroad paralleling defendant's right of way cleared the crossing, the automobile proceeded to cross defendant's tracks and was struck by a train that approached without ringing the bell or blowing the whistle on the engine, the train being operated at the time at a greater speed than permitted by municipal ordinance, the jury was warranted in

Chicago, etc., R. Co. *v.* Lake Co. Savings, etc., Co.—186 Ind. 358.

finding that decedent was not guilty of contributory negligence. p. 362.

3. RAILROADS. — *Crossing Accidents.* — *Action.* — *Instructions.*— *Negligence.*—In an action for death in a crossing accident, where an instruction pointed out the negligence averred in the complaint, an instruction informing the jury that plaintiff could recover on proof of injury and defendant's negligence, without expressly limiting the jury's consideration of negligence to that pleaded, was not erroneous as being misleading. p. 365.

4. NEGLIGENCE.— *Instructions.*— *Contributory Negligence.*— An instruction defining contributory negligence as the failure to observe that degree of care which ordinarily prudent persons usually observe under the same circumstances to protect themselves from harm was not erroneous because using the word "usually" rather than the word "would." p. 365.

5. APPEAL. — *Harmless Error.* — *Instructions.* — *Negligence.* — *Omission of Essential Element.*—In an action for death in a railroad crossing accident, an instruction directing a verdict for plaintiff, if it should be found that decedent, using ordinary care for his own safety, saw the gates raised as he came to the crossing, and received no warning of the approach of the train which struck him while he was proceeding over the tracks, although erroneous because ignoring the essential element of proximate cause, was harmless, where the record affirmatively shows that there was no other contention than that defendant's negligence, as charged in the complaint, was the proximate cause of death. pp. 365, 366.

6. TRIAL.—*Instructions.*—*Omission of Essential Element.*—An instruction directing a verdict for plaintiff on the hypothesis of proven facts must include all the material facts necessary to warrant a recovery, or it will be erroneous. p. 366.

7. RAILROADS.—*Crossing Accidents.* — *Instruction.* — *Reliance on Defendant's Care.*—In an action for death in a crossing accident, an instruction that decedent had the right to assume that defendant would not operate its trains in violation of law and that, if it should be found from the evidence that decedent saw the train approaching the crossing and did not know or could not know by the exercise of ordinary care that defendant was operating its train in violation of law, and that the collision would not have occurred if defendant had not been operating its train at a greater speed than permitted by a city ordinance, the decedent had a right to assume that it was safe to cross the tracks, was not erroneous as against the objection that, where a traveler sees a train approaching, it is contributory negligence to voluntarily attempt to cross the track upon the assumption that the speed of the train is not greater than a municipal or-

dinance allows, and that the traveler, under such circumstances, assumes the risk of crossing.    p. 366.

8.    RAILROADS. — *Crossing Accidents.* — *Negligence of Driver of Automobile.*—*Imputation.*—In an action for death in a railroad crossing accident, a requested instruction to find for the defendant if the driver of the automobile in which decedent was riding was guilty of negligence proximately causing decedent's injury was properly refused, where the instruction was not based on the hypothesis that the driver's negligence was the sole proximate cause, as his negligence was not imputable to decedent. p. 367.

9.    TRIAL.—*Instructions.*—*Negligence.*—*Applicability to Evidence.* In an action against a railroad company for the death of one killed in a crossing accident, where there was evidence from which the jury might have inferred the existence of such an emergency as would have rendered the sounding of the whistle not violative of a municipal ordinance prohibiting the sounding of locomotive whistles within the city, except in cases of emergency to prevent accidents, a requested instruction that defendant could not, because of the ordinance, have been guilty of negligence in failing to sound the whistle as the train approached the crossing was properly refused.    p. 368.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by the Lake County Savings and Trust Company, administrator of the estate of Joseph Kolb, deceased, against the Chicago, Indianapolis and Louisville Railway Company.    From a judgment for plaintiff, the defendant appeals.    *Affirmed.*

*Perry McCart, C. C. Hine* and *Crumpacker Brothers,* for appellant.

*C. B. Tinkham, A. E. Tinkham* and *William Daly,* for appellee.

MORRIS, J.—Action for damages for the death of Joseph Kolb.    Trial by jury, with verdict and judgment for appellee for $7,375.    The overruling of appellant's motion for a new trial is here assigned as error.

The complaint, among other things, alleges that Clinton street, in Hammond, runs east and west; that the street is intersected at right angles with the main

track and three side-tracks of appellant, about eight feet apart, the main track lying to the east; that east of appellant's tracks are numerous tracks of the Erie Railway Company, the west track of the latter lying thirty feet east of the main track of appellant; that for years previous to the accident in question appellant had maintained gates on the west side of its line across Clinton street, operated by a tower watchman, to prevent travelers from crossing the railroad when there was danger from passing trains or locomotives; that a certain city ordinance, set out, required appellant to maintain safety gates at Clinton street, and also to employ a watchman there to "keep all persons and teams from said track or tracks during the approach and passing of any car, engine or train of cars thereon," and that another ordinance prohibited the running of trains in the city faster than six miles per hour.

The complaint further alleges that prior to the time of the accident decedent had regularly each week crossed appellant's tracks, and that each time the gates were down when a train was approaching the crossing, and that immediately before the accident, decedent relied on the fact of the open gates as an invitation to cross the tracks; that just before the accident appellant had negligently placed lines of box cars on its west side-track, north and south of Clinton street, so as to obstruct the view of the tracks by an east-bound traveler; that immediately preceding the accident decedent was riding in an automobile, driven by one Einsele, eastwardly on Clinton street, approaching the crossing; that on reaching it the gates were open, and appellant's watchman made no signal of danger but did signal decedent to proceed across the tracks; that because of the noise made by a switching train on the Erie tracks it was impossible to hear an approaching train; that the driver cautiously proceeded across the tracks and

the automobile was struck by a north-bound passenger train of appellant on the main track, the striking resulting in the death of decedent and the driver; that when the collision occurred the train was coasting, with little noise, and was being negligently operated at a dangerous speed of forty miles per hour; and, further, that there was a negligent failure to give any warning of its approach and a negligent failure to signal its approach by the ringing of bell or sounding of whistle, and that the averred negligence of appellant proximately resulted in decedent's death without his contributory fault.

It is zealously urged by appellant's counsel that the verdict is unsupported by the evidence, in that the latter affirmatively shows contributory negligence

1. of Kolb. On such claim this court must view the direct evidence from the standpoint most favorable to appellee and aided by such inferences in appellee's favor as might have reasonably and fairly been made by the jury. *Keys* v. *McDowell* (1913), 54 Ind. App. 263, 100 N. E. 385.

In discussing the evidence, appellant's counsel assume that the crossing watchman, stationed between the tracks of appellant and the Erie company,

2. waved an unfurled flag back and forth across the street as a signal to the deceased and the driver of the automobile to halt because of danger; that the flag was so waved continuously in full view of the occupants of the automobile while the machine proceeded from a point west of the crossing gate to the third track, when the watchman pointed to the on-coming train, and thereupon the driver attempted to avert the collision by pulling the machine northward and stopping it; that he did succeed in stopping it, but only when it was so close to the fourth, or main, track that it was struck by the locomotive. The watchman on

direct examination testified, among other things, to such state of facts, but a consideration of all his evidence given would not necessarily lead to a conclusion of decedent's contributory negligence, for he also testified that as the machine approached the open gate a switch engine was moving backward and forward on one of the Erie tracks, and was being observed by both the watchman and the occupants of the machine; that the machine did not come to a stop, but, when it reached the third track of appellant, the Erie switch engine had crossed the street, and was proceeding south. His entire evidence, if uncontradicted and given full credence, might not more than prove that the watchman commenced to wave his flag as a warning of danger from the Erie engine and that the signal was so understood by the occupants of the vehicle; that when the automobile reached the third track, the danger from the Erie switch engine had ceased; that the occupants of the vehicle were fairly justified in believing, until too late to avoid injury, that no warning was given, other than that against danger from the Erie engine. However, the testimony of the watchman did not stand alone. In many vital particulars it was contradicted and impeached by other evidence given. Two witnesses testified that the watchman said immediately after the accident that he never saw appellant's approaching train until it had nearly reached Clinton street. Ralph Pohlplatz, a high school student, testified that he was on the east side of the Erie tracks when the switch engine was moving to and fro across the street; that he saw the automobile approach the crossing from the west and that it stopped two or three feet west of the gate and remained standing there for a space of two minutes, during which time the Erie engine moved back and forth across the street; that after the Erie engine passed into the yards south of

the street, the automobile started across the tracks. He also testified that the watchman, standing between the Erie and appellant's tracks, waved his flag, not directly across the street, but in a southeasterly and northwesterly direction. Because of this testimony, in regard to the direction of the waving of the flag, appellee claims that the jury was warranted in finding that the occupants of the vehicle were warranted in construing the waving as a beckoning by the watchman for the automobile to proceed, but we deem it unnecessary to consider such contention. Other evidence given warranted the jury in finding that the accident occurred about noon; that appellant's train that caused the injury was behind its schedule time; that it was coasting down grade with little noise, running at a speed of forty miles per hour; that neither the engineer nor fireman on the train had any actual knowledge of the approaching automobile until after the collision; that no bell was rung on the engine, nor was its whistle sounded; that the watchman on the tower did not become aware of the train's approach until an instant before the accident, and too late to lower the gate; that the flag watchman did not apprehend the approach of the train until too late to give any effective warning; that the city ordinances pleaded in the complaint were in effect at the time of the injury; that the open gate was rightfully understood by the occupants of the vehicle as an invitation to cross the tracks.

Appellant introduced in evidence a city ordinance which prohibited the sounding of locomotive whistles in the city limits, "except in cases of emergency to prevent accidents which could not otherwise be avoided," but we are of the opinion that the jury was warranted in finding the existence of an emergency contemplated by the ordinance. The jury was warranted by the evidence in finding Mr. Kolb guiltless of con-

tributory negligence.  *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612; *Stoy* v. *Louisville, etc., R. Co.* (1902), 160 Ind. 144, 66 N. E. 615; *Pennsylvania Co.* v. *Stegemeier* (1889), 118 Ind. 305, 20 N. E. 843, 10 Am. St. 136; *Pittsburgh, etc., R. Co.* v. *Cottman* (1912), 52 Ind App. 661, 101 N. E. 22.

Instruction No. 11 is assailed because it informs the jury that appellee may recover on proof of injury and negligence on appellant's part, without expressly limiting the jury's consideration of negligence to that charged in the complaint.   The first instruction given pointed out the negligence averred in the complaint, and because of this and other instructions given we are satisfied that the jury could not have understood the one in question as authorizing it to find appellant guilty of negligence not declared on.   Instruction No. 12 defined contributory negligence as meaning "the failure to observe that degree of care which ordinarily prudent *persons usually* observe under the *same* or similar circumstances to protect themselves from harm."   (Our italics.)   The instruction is assailed for the use of the word "usually," rather than the suggested one of "would".   The criticism is without substantial merit.  *Vivian Collieries Co.* v. *Cahall* (1915), 184 Ind. 473, 110 N. E. 672; *Baltimore, etc., R. Co.* v. *Jones* (1877), 95 U. S. 439, 24 L. Ed. 506.

Instruction No. 37 given by the court was as follows: "If you find from the evidence that decedent was riding east in an automobile on Clinton street in the City of Hammond on September 3, 1913, and when so riding he reached a point in said city a short distance west of defendant's tracks and saw the safety gates on the west side of said track up or open, and you further find the decedent received no notice or warning of the approach of the train towards said crossing in

time to have avoided injury, and you also find that the decedent was exercising ordinary care for his own safety at said time, then I instruct you your verdict should be for the plaintiff."

It is insisted that this instruction is fatally erroneous because it ignores the essential element of proximate cause. An instruction which directs a verdict

6. for plaintiff on the hypothesis of proven facts must include within the hypothesis all the material facts necessary to warrant a recovery, or it

5. will be erroneous. *Indianapolis Traction, etc., Co.* v. *Matthews* (1911), 177 Ind. 88, 105, 97 N. E. 320. It so happens here, however, that the record affirmatively shows the error harmless, since there is and can be no other contention than that appellant's negligence, set out in the complaint, was a proximate cause of decedent's death. §700 Burns 1914, §657 R. S. 1881. The instruction is also assailed because it authorized the jury to find that "decedent received no notice or warning of the approach of the train," whereas, it is claimed, the evidence justifies no such finding. We are of the opinion that such finding was warranted.

Douglas street in Hammond runs east and west and is 360 feet south of Clinton street. The evidence shows that the automobile was driven across the crossing at a speed of from three to four miles per hour. Between the tracks of appellant and those of the Erie company there was space for this automobile to have stood without danger from passing trains. Instruction No. 38

7. given reads as follows: "The decedent had the right to assume that the defendant would not operate its train in violation of law, and if you find from the evidence that decedent saw the train south of Douglas street approaching Clinton street crossing of defendant's track and did not know or could

not know by the exercise of ordinary care that the defendant was operating its train in violation of law, and you also find that if defendant was operating its train at no greater speed than six miles per hour at and prior to its collision with said automobile, said collision would not have occurred, then I instruct you decedent had the right under the circumstances to assume that it was safe to cross said tracks."

Point No. 22 of appellant's brief, assailing this instruction, reads as follows: "Where a traveler sees a train approaching it is contributory negligence to voluntarily attempt to cross the track upon the assumption that the speed of the train is not greater than a municipal ordinance allows, and such traveler assumes the risk of crossing in front of a train he sees and knows is approaching the crossing. The giving of instruction numbered thirty-eight was, therefore, erroneous and constitutes reversible error." As against the objection made, the instruction was not erroneous. *Pittsburgh, etc., R. Co.* v. *Dove* (1915), 184 Ind. 447, 111 N. E. 609; *Stoy* v. *Louisville, etc., R. Co., supra; Pittsburgh, etc., R. Co.* v. *Terrell* (1912), 177 Ind. 447, 460, 95 N. E. 1109, 42 L. R. A. (N. S.) 367; *Baltimore, etc., R. Co.* v. *Walborn* (1891), 127 Ind. 142, 26 N. E. 207.

Objections are urged against other instructions given, but a consideration of them impels the conclusion that no reversible error is presented against the giving of either of them.

Instruction No. 15, requested by appellant, sought to have the jury instructed to find for defendant, if the driver, Einsele, was found guilty of negligence which proximately caused decedent's injury. The instruction was properly refused. The negligence of the driver was not imputable to Kolb, and the instruction is not based on the hypothesis that Einsele's

negligence was the sole proximate cause. *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 447, 99 N. E. 1005; *Wabash R. Co.* v. *McNown* (1912), 53 Ind. App. 116, 129, 99 N. E. 126, 100 N. E. 383; *Lake Erie, etc., R. Co.* v. *Reed* (1914), 57 Ind. App. 65, 78, 103 N. E. 127. Appellant's requested instruction No. 14 was to the effect that it could not, because of the ordinance, have been guilty of negligence in failing to sound the whistle. We are of the opinion that, 9. under the evidence given, the jury might have inferred the existence of such emergency as would have rendered the sounding of the whistle not violative of the ordinance. In instruction No. 22, given by the court, the jury was told that appellant could not be charged with negligence for failure to sound the whistle, unless it found that an emergency existed for such sounding to avoid accident. There was no error in the refusal.

Complaint is made of the refusal to give other instructions requested, but a consideration of them discloses no reversible error. The verdict was a righteous one, and the judgment is affirmed.

NOTE.—Reported in 114 N. E. 454. Railroads: (a) failure to give statutory signals on approaching a crossing as an excuse for a traveler's contributory negligence, 6 Ann. Cas. 78; (b) presence of gates at crossings, effect as to traveler's duty, 7 Ann. Cas. 801, Ann. Cas. 1914 C 704; (c) traveler's right as to recovery for injury in crossing tracks ahead of a train known to be approaching, rule, 21 Ann. Cas. 1171; (d) duty of traveler as affected by flagman's signal to proceed, 15 L. R. A. (N. S.) 803; (e) contributory negligence at crossing of driver of an automobile required to act in emergency, 46 L. R. A. (N. S.) 708; (f) assumption in which traveler may indulge as to speed of approaching train, 24 L. R. A. (N. S.) 493. Negligence of the driver as imputable to the occupant of an automobile, 19 Ann. Cas. 1225; Ann. Cas. 1916 E 268, L. R. A. 1915 B 953, 29 Cyc 548. See under (3) 38 Cyc 1785.