CHICAGO, LAKE SHORE AND SOUTH BEND RAILWAY
COMPANY *v.* WESOLOWSKI, ADMINISTRATRIX.

[No. 9,781. Filed April 16, 1919.]

1. APPEAL.—*Review.—Weighing Conflicting Evidence.*—Although
the court on appeal will not weigh conflicting evidence, it will
not sustain a verdict that is contrary to all the evidence or to
some essential element of the case. p. 8.

2. APPEAL.—*Review.—Evidence.—Scope of Review.*—In an action
for wrongful death, where plaintiff's decedent was killed in a
collision between an automobile in which he was riding and
defendant's electric interurban car, a substantial contradiction in
the evidence as to the speed at which the car was traveling pre-
sented such a conflict in the evidence as to prevent the court on
appeal from reviewing it. p. 8.

3. APPEAL.—*Sufficiency of Evidence.—Scope of Review.—Presumptions.*—Every reasonable presumption, inference and intendment will be indulged in support of the general verdict, and in determining whether the evidence sustains it the court on appeal will consider only the evidence more favorable to appellee. p. 9.

4. STREET RAILROADS.—*Crossing Accidents.—Duty to Look and Listen.*—The duty to look and listen is not applied with strictness to those passing over car tracks laid in the streets of cities. p. 9.

5. APPEAL.—*Review.—Instructions.—Invited Error.*—Error, if any, in instructions is not available to appellant, where the erroneous instructions were invited by appellant's evidence, together with its request for instructions, tendered by it, which pertained to the same subject as those complained of. p. 10.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Marion Wesolowski, administratrix of the estate of Frank Dolniak, deceased, against the Chicago, Lake Shore and South Bend Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*F. J. Lewis Meyer* and *Charles E. Cox,* for appellant.

*Anderson, Parker, Crabill & Crumpacker* and *George W. Kurtz,* for appellee.

NICHOLS, J.—Action by appellee against the appellant for damages because of the death of Frank Dolniak, caused, as alleged, by the negligence of the appellant.

It is averred in the complaint, in substance, that the appellant is an electric interurban railway company, operating its cars between Chicago, Illinois, and South Bend, Indiana; that in said city of South Bend its tracks occupy the center of Orange street, running east and west, and across Olive street, which runs north and south; that about 5:15 p. m. on June

NOVEMBER TERM, 1918.          7

Chicago, etc., R. Co. *v.* Wesolowski, Admx.—70 Ind. App. 5.

11, 1914, appellee's intestate was going north on Olive street, in an automobile owned and operated by one Frank R. Wesolowski, as his guest; that said automobile was under the control and management of Wesolowski, who was a competent and skilful driver; that they approached Orange street from the south, driving at a slow rate of speed; that with due care they looked and listened for approaching cars; that they neither saw nor heard any car approaching; that they listened for any signals that might be given, but heard none; that on the east side of Olive street, and south side of Orange street, there are frame buildings that obstruct the view of approaching cars from the east; that at said time there was a brisk wind blowing from the west; that they continued to look and listen, but, not seeing or hearing any car approaching, they started across the tracks approaching from the south; that just as said automobile was on the tracks the appellant negligently ran a fast limited passenger car from the east at a dangerous and reckless rate of speed of forty miles per hour, without sounding any whistle or gong, or giving any signal, against the same, with great force and violence, thereby killing appellee's intestate; that appellant negligently failed to sound any gong or whistle, or to give any signal whatever; that by reason of said obstruction, and by reason of the high wind, and by reason of the car being operated by electricity, and by reason of the rapid and dangerous rate of speed at which the car was run, the car did not make sufficient noise in advance thereof that could be heard for any distance away from it; that owing to said negligent, dangerous and reckless high rate of speed at which the car was running, the driver of the automobile with whom appellee's intestate was

riding was unable to get his automobile off of appellant's track and out of the reach of said car. The complaint further alleges the appointment of the administratrix, and prays for $10,000 in damages.

Appellant answered the complaint by a general denial. There was a trial by jury, and verdict and judgment in favor of the appellee. The appellant filed its motion for a new trial, which was overruled, to which ruling appellant excepted, and now prosecutes this appeal.

The only error assigned is that the court erred in overruling the appellant's motion for a new trial. Under this head, appellant complains that the evidence was not sufficient to sustain the verdict, and that the court erred in giving and refusing certain instructions, hereinafter considered.

Appellant concedes that it is the rule of law that this court will not weigh conflicting evidence, but argues that a verdict that is contrary to all the evidence, or to some essential element of the case, cannot be sustained. We fully agree with appellant's contention in this regard, but we do not find that the facts proved are in harmony with the proposition which it presents as an elementary principle of law. There was substantial contradiction in the evidence as to the speed at which the appellant's car was traveling, as it approached the place of the accident, some witnesses saying that it was going ten to twelve miles per hour, some twelve to fifteen miles, one thirty-five to thirty-eight miles, while one keeps herself in harmony with all of this diverse testimony, without giving offense to any of it, by saying that it was going ''awful fast.'' This was across a street, without stopping, over which

hung a notice, in plain view of the public, including appellee's decedent, saying "All cars stop here." The jury may reasonably have inferred that appellant was running its car at a negligent rate of speed, and that the occupants of the automobile were, by this notice, lulled into the belief that they were safe, as any car that might approach would stop before crossing the street; and by the general verdict, the jury has found that this evidence was sufficient to support the charge of negligence in the complaint, and to refute any imputation of contributory negligence on the part of the appellee's decedent. In view of the rule of law that every reasonable presumption, inference and intendment will be indulged in support of the general verdict, and that in determining whether the evidence sustains it the appellate court will consider only the evidence more favorable to the appellee, we must sustain the jury' in its finding as to the elements of contributory negligence and negligence. *Sovereign Camp, etc.* v. *Porch* (1915), 184 Ind. 92, 110 N. E. 659; *Vandalia Coal Co.* v. *Coakley* (1916), 184 Ind. 661, 111 N. E. 426; *Aultman, etc., Mach. Co.* v. *Shell* (1916), 61 Ind. App. 19, 111 N. E. 445; *Indianapolis Traction, etc., Co.* v. *Klentschy* (1907), 167 Ind. 598, 79 N. E. 908, 10 Ann. Cas. 869. That the "look and listen" law is not applied, with strictness, to those passing over car tracks laid in the streets of cities has been repeatedly decided in this state. *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478. See, also, *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169, 78 N. E. 210, a case bearing on points discussed above.

There was no issue of "last clear chance" properly in the case, there being no general averment of negligence in the complaint, and facts presenting such an issue not having been specially pleaded; this fact, together with the conclusion reached from the evidential facts hereinbefore discussed, makes it unnecessary to consider any questions in the case growing out of this doctrine, but we may note that any facts that might suggest the pertinency of the doctrine were developed by the appellant's direct examination of its own witness, the motorman in charge of the car. Instructions Nos. 5, 6 and 7, given by the court, pertain to this doctrine, but, even if erroneous, they were invited by appellant's evidence aforesaid, together with appellant's request for instructions Nos. 21 and 30, tendered by it, which pertained to the same subject, and therefore such error, if any, is not available to the appellant. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Daywitt* v. *Daywitt* (1917), 63 Ind. App. 444, 114 N. E. 694. These instructions were given in the case of *Indiana Union Traction Co.* v. *Kraemer* (1913), 55 Ind. App. 190, 102 N. E. 141, where they were approved by this court as a correct exposition of the law of last clear chance.

Instruction No. 13 is on the measure of damages, and is a correct statement of the law as decided in *Thomas Madden, Son & Co.* v. *Wilcox* (1910), 174 Ind. 657, 91 N. E. 933, and *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 92 N. E. 49, 94 N. E. 881.

We find no available error. The judgment is affirmed.