## HARMON v. HEADY.

[No. 11,698. Filed December 12, 1923.]

APPEAL.—*Evidence.*—*Sufficiency.*—On appeal, the finding of the court will be upheld if the evidence most favorable to the appellee, and the reasonable inferences which the court might have drawn from the facts it tends to establish, would sustain the finding, although such evidence is strongly. contradicted, and the facts which it tends to prove are susceptible of inferences equally as reasonable in favor of appellant.

From Howard Circuit Court; *John Marshall,* Judge.

Action by Edward Harmon against Harold Heady. From judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*Bell, Kirkpatrick, McClure & Elliott* and *Albert M. Bristor,* for appellant.

*Wolf & Barnes, C. W. Roll* and *George B. Shenk,* for appellee.

BATMAN, J.—This is an action by appellant against appellee, based on an order, drawn by the United Ice Machine Company against the latter, and by him accepted by an endorsement thereon. The issues consist of a complaint, an answer in five paragraphs, and a reply in general denial to all of such paragraphs except the first. The cause was submitted to the court for trial, resulting in a finding and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

Appellant's motion for a new trial is based on thirty-three separate reasons, but his brief only contains three propositions or points, without any heading to indicate to which one of the several reasons alleged they are intended to apply. However, a consideration of their wording has led us to believe that each of them was intended to apply to the first reason for a new trial, viz.: that the decision of the court is not sustained by sufficient evidence, and, therefore, we shall so treat them. *Indianapolis, etc., Traction Co.* v. *Senour, Admx.* (1919), 71 Ind. App. 10, 122 N. E. 772. Appellant, in his propositions or points, does not challenge the sufficiency of the evidence to establish a defense to the accepted order, if appellee had a right to assert a defense thereto, but is content to rely upon an alleged failure of the evidence to show any such right, in this, that it does not appear that he did not purchase the accepted order in good faith before maturity in the usual course of business for a valuable consideration and without notice of any defense thereto. We cannot sustain appellant's contention as to such alleged failure, as there is some

evidence to the contrary, as disclosed by that most favorable to appellee, and the reasonable inferences which the court may have drawn from the facts it tends to establish. *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96; *Chicago, etc., R. Co.* v. *Wesolowski, Admx.* (1919), 70 Ind. App. 5, 122 N. E. 781; *Chicago, etc., R. Co.* v. *Lake Co. Savings, etc., Co.* (1916), 186 Ind. 358, 114 N. E. 454; *Chicago, etc., R. Co.* v. *Schipper* (1921), 75 Ind. App. 669, 131 N. E. 232. If it be admitted that such favorable evidence is strongly contradicted, and that the facts which it tends to prove are susceptible of inferences, equally as reasonable in favor of appellant, it would not lead to a different conclusion under the settled rules relating to the sufficiency of the evidence when challenged on appeal. *Van Spanje* v. *Hostettler* (1918), 68 Ind. App. 518, 119 N. E. 725; *Gary* v. *Blankenbaker* (1918), 68 Ind. App. 558, 121 N. E. 84; *Bilskie* v. *Bilskie* (1919), 69 Ind. App. 595, 122 N. E. 436; *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 130 N. E. 541; *Klotz* v. *First Nat. Bank* (1922), 78 Ind. App. 679, 134 N. E. 220.

Appellant having failed to show any error of the court in overruling his motion for a new trial, the judgment is affirmed.